## Z. T. INGELS, *et al.*, v. GEORGE W. SUTLIFF.

1. NOTE, *Overdue—Part Payment—Surety, When not Released.* Part payment of a note overdue, is no consideration to support an agreement to extend the time for the payment of the balance, and does not release the surety.

2. SURETY, *Not Discharged.* A request by the surety to the holder to bring an action on the note, who delayed for three months, is not sufficient to discharge the surety.

*Error from Atchison District Court.*

ALL material facts are embraced in the findings of fact, which are as follows:

"1. On November 19, 1880, the defendants executed their promissory note and delivered the same to the plaintiff, a copy of which is as follows:

"'$62.40. ATCHISON, KANSAS, November 19, 1880.—On August 1, 1881, after date, we promise to pay to the order of George W. Sutliff, at the Atchison Savings Bank, sixty-two dollars and forty cents, ($62.40,) with interest after date at the rate of twelve per cent. per annum until paid;

also costs of collection, including reasonable attorney's fees, if suit be instituted on this note.    Value received.
    (Signed)                              ZACH. T. INGELS.
                                          PETER BECKER.'
Indorsed as follows: 'January 29, 1882, paid on the within, thirty do.'

"2. Said Zach. T. Ingels was the principal debtor upon said promissory note, and said Peter Becker was only a surety thereon, as plaintiff knew.

"3. On January 29, 1882, the plaintiff and Zach. T. Ingels traded horses, the plaintiff agreeing to pay $30 as difference on the trade, said sum to be credited on the note, and at the same time and as a part of the said transaction the plaintiff agreed, in consideration of said payment of $30, to wait for the balance for six months or a year, or as soon between six months and a year as said Zach. T. Ingels could pay the same. Said Peter Becker had no knowledge of said agreement, and never consented thereto.   Said sum of $30, difference on said horse trade, is the subject of said indorsement of thirty dollars as a credit on said promissory note.

"4. Said Zach. T. Ingels was and is the head of a family in Atchison county, Kansas, and a resident thereof.   He was and is a farmer, but had no land of his own.   But in the summer of 1882 he raised about fifty acres of corn, about twenty acres of which was exempt, as necessary for the use of his stock and his family.   The remainder, of about thirty acres, was worth about eight dollars per acre; and in the fall of 1882 said Zach. T. Ingels was gathering corn and hauling the same to Atchison and selling it.   In November, 1882, said Peter Becker met the plaintiff, and in a conversation then had he told the plaintiff that said Zach. T. Ingels was selling off his corn, and he requested the plaintiff to bring suit on the note.   Said Zach. T. Ingels then had two horses, two cows, two calves, and six or seven hogs.   The corn crop was not mortgaged, but it does not appear what was the amount of the indebtedness of said Zach. T. Ingels.   Soon after said conversation the plaintiff left the note at a bank in Atchison for collection, but no action was brought thereon until this action was commenced, March 20, 1883."

CONCLUSIONS OF LAW.

"1. The facts stated in conclusions of fact 2 and 3 do not relieve said Peter Becker from his liability as surety on said promissory note.

"2. The facts stated in conclusions of fact 2 and 4 do not

relieve said Peter Becker from his liability as surety on said promissory note.

"3. The plaintiff is entitled to recover of the defendants the sum of $56.71, to bear interest at the rate of 12 per cent. per annum from date of this judgment, and costs of suit."

Judgment accordingly for the plaintiff, at the February Term, 1885. The defendant brings the case here.

*Tomlinson & Eaton,* for plaintiffs in error.

*Martin & Orr,* for defendant in error.

Opinion by SIMPSON, C.: The counsel for plaintiff in error rely on these two assignments for reversal:

1. The payment of $30 on the note on the 29th of January, 1882, and the promise of defendant in error, in consideration of that payment, to wait six months or one year, or as soon between six months and one year after that date as Ingels could pay the balance due on the note.

2. The delay of the defendant in error to bring suit on said note when requested by Becker, the surety, to do so, who communicated to Sutliff the fact that Ingels was disposing of all his property.

As to the first proposition discussed in the brief of counsel for plaintiff in error, it has been decided by this court in the cases of *Jenness v. Cutler,* 12 Kas. 500, and *Prather v. Gammon,* 25 id. 379. The payment of $30 on this note on the 29th day of January, 1882, when the note had been due ever since the 4th day of August, 1881, and the sum paid was not half of the amount then due, was no consideration for a new and valid agreement.

The second question raised is covered by the case of *Turner & Jelly v. Hale,* 8 Kas. 38. Holding strictly to the rule in that case, this surety does not bring himself within it.

We recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.