[S. F. No. 1381.   Department Two.—February 27, 1900.]

MARY A. HENEHAN, Respondent, v. WILLIAM H. H. HART, Appellant.

PROMISSORY NOTE— EXTENSION OF TIME FOR PAYMENT— ORAL AGREEMENT.—The time for the payment of a promissory note past due cannot be extended for a definite period, so as to bind the payee, by an unexecuted oral agreement that the maker shall pay the interest monthly, according to the terms of the note, for such period.

FRIVOLOUS APPEAL—DAMAGES.—Where an appeal is entirely devoid of merit, the judgment will be affirmed, with damages to the respondent.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   Edward A. Belcher, Judge.

The facts are stated in the opinion.

W. A. Kirkwood, and Aylett R. Cotton, for Appellant.

Mullany, Grant & Cushing, for Respondent.

COOPER, C.—Plaintiff recovered judgment.   Defendant has appealed from the judgment and from an order denying his motion for a new trial.   The complaint, which is verified, alleges that on July 15, 1895, the defendant executed and delivered to plaintiff a promissory note for fourteen hundred dollars, due one year after date, with interest from date at the rate of one per cent per month until paid.   That the interest

was paid thereon up to March 1, 1897, but that the interest from said last-named date and the principal remain due and unpaid. A copy of the note is set forth in the complaint. The answer does not deny any of the allegations of the complaint, but affirmatively alleges as follows:

"That on or about the first day of December, 1896, it was mutually agreed between said plaintiff and said defendant that the time of payment of the promissory note mentioned in said complaint should be extended for one year from the first day of December, 1896, and that during said year the said defendant should pay said plaintiff interest upon the said promissory note at the rate of one per cent per month, and that, in consideration of the said promise to pay said interest during said year, the said plaintiff then agreed to extend the time of payment of the principal of said promissory note for the period of one year from the said date, to wit, from the first day of December, 1896."

On the trial of the case defendant testified to an oral agreement in substance as alleged in his answer. One Sarah E. Decker also testified that plaintiff had a conversation with her, in which plaintiff admitted, in substance, that she had made such oral agreement with defendant. The witness Decker said that defendant had been her attorney for many years, and that the money was borrowed from plaintiff for her benefit. This testimony was all given under plaintiff's objection and with leave to move to strike it out. The court afterward, on motion of plaintiff, made an order striking out the said testimony, and the ruling upon this motion presents the only material question in the case. The sole and only question here is, Was the verbal promise, as testified to and as alleged in the answer, extending the time of payment of the written instrument set forth in the complaint, binding upon plaintiff? We think it was not, and that the ruling of the court was correct. Section 1698 of the Civil Code provides: "A contract in writing may be altered by a contract in writing, or by an executed oral agreement, but not otherwise."

The promissory note set forth in the complaint is a contract in writing. It is claimed that it was altered. It is not claimed that it was altered by any contract in writing, but by an oral

CXXVII. CAL.—42

agreement. The oral agreement has not been executed. The rate of interest agreed upon was the same as the promissory note provided for. It would have drawn that rate until paid if the agreement had not been made. The interest was not paid in advance, and no interest has been paid which was not due at the time it was paid according to the written terms of the promissory note. The contract extending the time one year was not executed at the time the action was brought and in the nature of things could not have been. An executed agreement is one the terms of which have been fully performed.

It is difficult to conceive how an oral agreement extending the time in which a written agreement is to be performed can be executed until the time has elapsed, and then the question could not arise. If the period of time mentioned in the oral agreement has not elapsed, then the agreement has not been executed. (*Platt v. Butcher*, 112 Cal. 635; *Thompson v. Gorner*, 104 Cal. 168; 43 Am. St. Rep. 81.) Counsel for appellant cites *Waugenheim v. Graham*, 39 Cal. 175, to the effect that the time for the performance of a contract in writing may be extended by parol. The case was decided in April, 1870, before the codes, and hence has no application to the rule laid down by section 1698. In the original section of the Civil Code, in effect January 1, 1873, it contained the words: "Except as to the time of performance, which may be extended by any form of agreement." The section was amended March 30, 1874, by dropping the quoted clause, and after the amendment went into effect, July 1, 1874, the section has continued as at present. We think the amendment was a necessary and wise one. It prevents the solemn written contracts, which the parties have made certain, from being tampered with, annulled, set aside, or extended by the oral evidence of interested parties. The section as amended lays down a valuable and salutary rule in regard to written instruments. It prevents the parties who have made a promissory note, after it has become due according to the time written therein, from making the defense that it is not due by reason of a parol promise to extend the time, which promise would depend upon the credibility of interested witnesses. The appeal in the case is entirely devoid of merit.

We advise that the judgment and order be affirmed, with fifty dollars damages to plaintiff.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed, with fifty dollars damages to plaintiff.
McFarland, J., Temple, J., Henshaw, J.