[S. F. No. 2703.   Department One.—June 13, 1903.]

LOUISE HEIDT STROUD, Respondent, v. ELIZA THOMAS et al., Defendants; A. S. MANGRUM, Appellant.

PROMISSORY NOTES—EXECUTION—SUBSEQUENT SIGNATURE BY SURETY—PREVIOUS CONTRACT—NOTE AS PAYMENT OF DEBT—RELATION.—The general rule, that a surety is not bound by his signature made after the execution of the note by the principals, without additional consideration, does not apply where the execution of the note by the surety was procured in pursuance of a previous agreement of the principal debtors with the payee, that they would procure the signature of the surety, provided the payee would accept the note so signed in satisfaction of their pre-existing debt to him. In such case, the execution of the note by the surety relates back to the execution thereof by the principals, as if it had been coincident therewith.

ID.—CONSIDERATION—CANCELLATION OF PREVIOUS DEBT.—The cancellation of the previous debt was a sufficient consideration for the execution and delivery of the note by the surety as well as by the principal debtors.

ID.—DISCHARGE OF SURETY—EXTENSION OF TIME—WANT OF CONSIDERATION—PART PAYMENT AFTER MATURITY.—FORBEARANCE.—A surety is not discharged by an extension of time to the principal debtors without consideration. Part payment of the interest or principal of the note after maturity is not a consideration for an extension of time; and the surety is not discharged by an agreement to forbear suit against the principals, founded upon such part payment, though carried out by the creditor.

ID.—SUPPORT OF FINDING—CONFLICTING EVIDENCE AS TO CONSIDERATION.—A finding that the extension of time was without consideration is sufficiently supported where the evidence is conflicting as to whether there was an additional consideration therefor.

APPEAL from a judgment of the Superior Court of Santa Clara County and from an order denying a new trial. W. G. Lorigan, Judge.

The facts are stated in the opinion of the court.

J. R. Welch, and William H. Jordan, for Appellant.

W. C. Kennedy, and J. H. Moore, for Respondent.

SHAW, J.—This is an action upon a promissory note executed by all the defendants. The defendant Mangrum

answered separately, admitting the execution of the note, and alleging as his defense that he executed the same as a surety only and without other consideration; that he signed the same after it had been signed and delivered by the principal debtors; and that afterwards, and without his knowledge or consent, the plaintiff, for a valuable consideration, extended the time of payment of the note, and that thereby he was discharged. The court made its findings, and rendered judgment in favor of the plaintiff.

The defendant Mangrum thereupon moved for a new trial, which motion the court denied. The appeal is taken by the defendant Mangrum from the judgment and from the order denying his motion for a new trial.

It is contended by the appellant that he is not bound as surety on the note, for the reason that he executed it after it had been executed by the principal debtors, and that there was no additional consideration for his becoming surety thereon. If this contention were well founded, it would be a good defense to an action against him upon the note. (*Leverone* v. *Hildreth,* 80 Cal. 139; *Jackson* v. *Jackson,* 7 Ala. 791; 3 Kent's Commentaries, 122.) But the court finds, and the finding is sustained by the evidence, that the execution of the note by Mangrum was procured in pursuance of an agreement with the principal debtors, whereby they agreed with the plaintiff that they would procure Mangrum to sign the note as security, provided plaintiff would accept the note in satisfaction of a pre-existing debt. This takes the case out of the rule contended for. The execution by Mangrum, being in pursuance of the original agreement, relates back to and takes effect the same as if it had been coincident with the execution by the principal debtors. (*Pauly* v. *Murray,* 110 Cal. 13; *McNaught* v. *McLaughry,* 42 N. Y. 22.[1]) The contention is further answered by the finding that the note held by the plaintiff for the old debt was retained by her until the delivery of the new note, after the execution thereof by Mangrum.

The contention of the appellant that a pre-existing debt is not a sufficient consideration for the execution of a note, so far as the sureties thereon are concerned, where the obligation for the pre-existing debt is canceled upon the delivery of

[1] Am. Rep. 487.

the new note, does not merit discussion. It is well settled that such a consideration is sufficient as a foundation for the promise of the sureties, as well as that of the principals. (*Frey* v. *Clifford,* 44 Cal. 342; *Davis* v. *Russell,* 52 Cal. 611;[1] *Schluter* v. *Harvey,* 65 Cal. 158; *Scribner* v. *Hanke,* 116 Cal. 615.)

It is further claimed by the appellant that there is no finding upon the allegation of his answer that he executed the note as surety, and was accepted as a surety by the plaintiff. As we have reached the conclusion that the judgment must be affirmed, even if he was a surety, it is unnecessary to determine whether the findings, properly construed, are equivalent to a finding that he signed and was accepted as a surety, or whether they should be construed to mean that he signed and was taken solely as principal.

The principal defense in the case is that arising upon the extension of time. The court finds that on August 1, 1898, after the note became due, the plaintiff received one hundred and fifty dollars on account of overdue interest, and thereupon agreed to extend the time of payment one year, and that the agreement was without consideration. The appellant claims that the receipt of the one hundred and fifty dollars as a payment upon the note was a sufficient consideration for the agreement to extend the same. The money paid was due to the plaintiff by reason of the previous obligation. No additional benefit was received by the plaintiff, and none could be conferred by the principal debtors by the payment of money on the obligation already existing and past due. This payment, therefore, merely satisfied to that extent the debt due, and did not constitute a consideration for the agreement.

A promise made without any consideration is not binding. Consequently, the agreement for the extension of time was not a valid promise, and would not bind the plaintiff to forbear suit upon the note during the time specified in the agreement. "The payment of part of a debt by the principal, at the time or after it becomes due, is not a sufficient consideration to support an agreement for forbearance, and an agreement for forbearance founded upon such consideration, even though carried out by the creditor, will not discharge the

---

[1] 28 Am. Rep. 647.

surety.'' (Brandt on Suretyship, sec. 353, and cases cited; 24 Am. & Eng. Ency. of Law, 1st ed., pp. 826, 829, and cases cited; *Halliday* v. *Hart,* 30 N. Y. 474; *Ingalls* v. *Sutliff,* 36 Kan. 444.)

It is claimed that the finding that the extension was without consideration is not justified by the evidence, because the extension was given upon the additional consideration that the principal debtor should employ the plaintiff's daughter in his business. Upon this point the court found against the contention of the appellant, and upon conflicting evidence. Hence, this court cannot interfere.

It is immaterial whether the one hundred and fifty dollars received at the time of the agreement for extension was for overdue interest or was a payment on the principal. The entire note was then due, and the effect would be the same in either case under the authorities above cited. There is no evidence that it was to be applied on advance interest.

There are no other errors alleged that require discussion.

For the reasons given the judgment and order are affirmed.

Van Dyke, J., and Angellotti, J., concurred.

Hearing in Bank denied.