[S. F. No. 2619. Department Two.—September 18, 1903.]

JOSEPH MULLER, Appellant, v. F. W. SWANTON, Respondent.

LIFE INSURANCE—NEGOTIABLE NOTE TO SOLICITOR FOR PREMIUM—DEFENSE—FRAUD OF SOLICITOR—BONA FIDE TRANSFER TO COMPANY.—
In an action upon a note given to the order of a soliciting agent for a life insurance company in payment of a premium on a policy of life insurance, which was issued by the company to the defendant in consideration of a transfer of the note to it by the solicitor, without notice to it of any defense to the note, it is no defense as against the insurance company, or its assignee for collection, that the solicitor made certain false representations to the defendant, and

agreed that one half of the premium should be returned by him to the defendant, and that defendant would never have to pay the other half.

ID.—CONSIDERATION FOR TRANSFER—NOTICE NOT PROVED.—The execution and delivery of the policy by the insurance company was ample consideration for the indorsement to it of the note by the solicitor, and in the absence of any evidence tending to show that the insurance company, when it issued the policy, had any knowledge of the representations and agreement made by the solicitor, it is not bound thereby.

ID.—PROMISE BY GENERAL AGENT AFTER MATURITY—CONSIDERATION.—The managing agent had no authority, after the note became due to the company, to promise the defendant that he would look to the solicitor for a settlement and would give the defendant no further trouble, and such promise, being without consideration, was wholly ineffective.

APPEAL from a judgment of the Superior Court of Santa Cruz County and from an order denying a new trial. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

Page, McCutchen, Harding & Knight, Edward J. McCutchen, and Page, McCutchen & Knight, for Appellant.

The insurance company having paid value for the note before maturity by the issuance of the policy, the burden of proof was upon the defendant to prove notice, and such notice not being proved, the company stands in the position of a *bona fide* transferee without notice. (*Hart* v. *Church*, 126 Cal. 471;[1] *Eames* v. *Crosier*, 101 Cal. 260.) The promise of the agent being personal to himself cannot be imputed to the company. (*Henry* v. *Allen*, 151 N. Y. 1; Pomeroy's Equity Jurisprudence, sec. 675; *First Nat. Bank of Nephi* v. *Ford*, 12 Utah, 157; *Henry Woods' Sons Co.* v. *Schaefer*, 173 Mass. 443;[2] *Pittsburg etc. Iron Co.* v. *Kirkpatrick*, 92 Mich. 252; *Allen* v. *South Boston R. R.*, 150 Mass. 200.;[3] *Houghton* v. *Todd*, 58 Neb. 361; *Bienenstock* v. *Ammidown*, 155 N. Y. 47; Civ. Code, sec. 2306.) Parol evidence was not admissible to vary the note by showing that the note was not to be paid. (*Garncau* v. *Cohn*, 61 Neb. 500; *Guy* v. *Bibend*, 41 Cal. 322;

---

[1] 77 Am. St. Rep. 195.    [3] 15 Am. St. Rep. 185.
[2] 73 Am. St. Rep. 305.

*San Jose etc. Bank* v. *Stone,* 59 Cal. 183; *Bradford etc. Co.*
v. *Joost,* 117 Cal. 204, 209; *Wright* v. *Remington,* 41 N. J. L.
48;[1] 4 Am. & Eng. Ency. of Law, 2d ed., 146.)

William T. Jeter, Deal & Tauszky, and L. Foster Young, for
Respondent.

There was no consideration for the note to the solicitor;
but having taken, he was answerable to the company for the
first premium. (*Jurgens* v. *New York Life Ins. Co.,* 114 Cal.
161.) The policy was not issued in consideration of the note,
but only of the premium. (*Berliner* v. *Traveler's Ins. Co.,*
121 Cal. 451.) Having granted the policy through the soli-
citor, it was bound by all of his acts and representations.
(*Farnum* v. *Phœnix Ins. Co.,* 83 Cal. 246;[2] *McKay* v. *New
York Life Ins. Co.,* 124 Cal. 270; *La Marche* v. *New York Life
Ins. Co.,* 126 Cal. 498; *Dunham* v. *Morse,* 158 Mass. 132.[3])

McFARLAND, J.—This is an action on a negotiable prom-
issory note for $1,222, made by defendant, F. W. Swanton, to
W. B. Fonville, or order, and dated March 1, 1892. Shortly
after the making of the note, and before its maturity, Fonville
indorsed and transferred it to the New York Life Insurance
Company, and before the commencement of this action the
said insurance company transferred it to plaintiff, Muller,
merely for collection. The real issues in the case are between
defendant and the insurance company. Judgment went in the
court below for defendant, and from the judgment, and from
an order denying his motion for a new trial plaintiff appeals.

In the answer it is averred as a defense that there was no
consideration for the note, and that it was procured by false
and fraudulent representations made to defendant by said
Fonville, and that the insurance company did not give any
consideration for the note, and took it with full knowledge of
all the facts. Said averments were found by the court to be
true, but we cannot see that these findings of fact are sup-
ported by the evidence or how the conclusions of law upon
which the judgment rests can be maintained.

Respondent introduced oral evidence, hereinafter referred

[1] 32 Am. Rep. 180, and note.          [3] 35 Am. St. Rep. 473.
[2] 17 Am. St. Rep. 233.

to, which was objected to by appellant on the ground that it was offered for the unwarranted purpose of changing a written instrument by oral agreement, or showing, by oral evidence, an agreement not to enforce the note. (See *Henehan* v. *Hart,* 127 Cal. 657.) It is difficult to answer this contention of appellant; but for the purposes of this decision we will waive a definite determination of the point. The testimony in question was substantially this: Fonville was an agent of the said insurance company for soliciting policies. Respondent testified that Fonville told him that if he (Fonville) could secure a certain amount of insurance,—the exact amount not being named,—he was to have the place of general manager of the said insurance company at San Francisco, then held by A. G. Hawes; that if respondent would take a policy of ten thousand dollars on the life of respondent's father, A. P. Swanton, and give respondent's note for the premium, $1,222, he, Fonville, would give him a written agreement that one half of the premium should be returned, and that "the other half you will never have to pay." He testified that Fonville told him .that taking this policy on the life of his father would be a great advantage to Fonville, and that if he got Hawes's position he could afford to take care of the note, and that "when the note became due it would be surrendered and sent back to me, and I would never have to pay it." Thereupon respondent agreed to take the policy and make the note; and when the policy came the note was made and delivered to Fonville, and the latter, at the time the note was given, made and delivered to respondent a written agreement to pay respondent $611.50 in one year. Respondent testified that Fonville told him that any business which he did with him "would be done on his own responsibility," and there is no pretense that Fonville undertook to promise for the insurance company (even if he had authority to do so) that the company would not enforce the note. It can hardly be supposed that respondent did not know that the note was to go to the insurance company, even if there had been no express evidence on the subject, but respondent's own witness, H. H. Clark, testified that in a conversation between respondent, Clark, and Fonville, concerning the project of Clark and the respondent taking policies and giving their notes for the premiums, Fonville said

that "the notes could be given and would be held by the company," and that "the note was to be taken as a personal note which he assigned to the company, of course, indorsing it." There is no evidence showing, or tending to show, that the insurance company when it issued the policy and took the note, had any knowledge whatever of the representations alleged to have been made by Fonville to respondent.

We need not discuss the subject of legal rights and obligations as between respondent and Fonville, for the insurance company had no knowledge of any transactions in the premises except the policy and the note. The respondent gave Fonville his negotiable promissory note; Fonville indorsed and delivered this negotiable instrument to the insurance company, as he had the right to do, and as, indeed, respondent expected he would do; and the execution and delivery of the policy by the insurance company was ample consideration for the indorsement and delivery of the note to the company by Fonville; if the insured had died while the policy was alive the company would have been liable to the extent of ten thousand dollars. The finding (which is based upon conflicting and very slight evidence) that, after the note was due and its payment demanded, the managing agent at San Francisco told respondent, for the company, that he would look to Fonville for a settlement, and would give respondent no further trouble about the matter, is immaterial; for, in the first place, he had no authority to bind the company by such a promise, and, in the second place, the promise was without any consideration.

The judgment and order appealed from are reversed.

Lorigan, J., and Henshaw, J., concurred.