[Civ. No. 534. First Appellate District.—October 13, 1911.]

## JOSEPH MULLER, Appellant, v. F. W. SWANTON, Respondent.

LIFE INSURANCE—NOTE FOR PREMIUM—PROMISE BY SOLICITOR TO RETURN HALF OF PREMIUM—CONSIDERATION FOR POLICY—PROMISE NO DEFENSE TO NOTE.—Where a solicitor for a life insurance policy contracted with the defendant therefor, and agreed to return to him one-half of the premium, but took his negotiable note for the premium, and transferred it to the insurance company, which, without knowledge of the facts, issued its policy, in consideration of the note, the promise of the solicitor is no defense to an action upon the note, either by the company or by one to whom the company has transferred the note for collection.

ID.—PROMISE BY GENERAL AGENT TO RELEASE DEFENDANT AND LOOK TO SOLICITOR—WANT OF AUTHORITY OR CONSIDERATION.—A promise by the general agent of the life insurance company to give the defendant no further trouble about the matter and to look to the solicitor for a settlement is immaterial, since he had no authority to bind the company by such a promise, and the promise was without any consideration.

ID.—DECISION ON FORMER APPEAL—LAW OF CASE.—Where the evidence on the second trial was in no material particular different from that given on the former trial, and there is nothing new in the case, the views expressed by the supreme court on a former appeal must control as the law of the case; and it was the duty of the trial court to give effect to those views, and to sustain the action upon the note.

APPEAL from a judgment of the Superior Court of Santa Cruz County, and from an order denying a new trial. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

Page, McCutchen & Knight, for Appellant.

Wm. F. Jeter, for Respondent.

KERRIGAN, J.—This is an appeal by the plaintiff from a judgment in favor of defendant F. W. Swanton, and from an order denying plaintiff's motion for a new trial. A former judgment in the same action in favor of said defendant was reversed by the supreme court. (*Muller* v. *Swanton,* 140 Cal. 249, [73 Pac. 994].) The action is on a promissory note for $1,222, which was executed by the defendant to W. B. Fonville and indorsed by Fonville to the New York Life Insurance Company and by it in turn indorsed to the plaintiff merely for the purpose of collection. The answer does not deny the due execution of the note, nor that it was indorsed to the insurance company prior to maturity, but sets forth that there was no consideration for the note, that it was obtained by fraud, that the insurance company gave no consideration for the note and took it with notice of the circumstances under which it was made.

The facts are these: W. B. Fonville was sent to this state by the home office of the New York Life Insurance Company to solicit insurance independently of the local office, of which the general manager was one A. G. Hawes. In carrying out this object Fonville called on the defendant in Santa Cruz with a view to writing a policy of insurance on defendant's life or the life of some member of his family, and represented to defendant that if he could do so it would be a lead to others to apply for insurance in the company represented by him, as defendant's family was well known in that part of the state. He also told defendant that if he succeeded in writing a named amount of large insurance he would be installed in the position occupied by Hawes as the Pacific coast representative of the insurance company, a position carrying a salary of $20,000 a year. After much solicitation on the part of Fonville, Swanton finally consented to allow him to write a policy insuring the life of defendant's father for $10,000, with the understanding that the note given by the defendant to Fonville for the premium would not have to be paid. In accordance with this arrangement, Fonville procured the issuance of the policy by the insurance company, and the defendant made and delivered his promissory note for $1,222, the amount of

the premium, and Fonville gave defendant a written agree-
ment that one-half of the premium should be returned, and
represented to him that when the other half became due he
(Fonville) would be the Pacific coast agent of the company,
and out of his salary could well afford to pay it, and would
do so. When the note fell due, the company caused it to be
presented for payment, whereupon the defendant called on
Hawes and explained the circumstances under which the note
was made; and, according to Swanton's testimony (which,
however, is disputed by Hawes), the latter said that Swanton
need give himself no further trouble about the matter, that
he would take it up with Fonville and would look to him for
a settlement.

The supreme court on the former appeal discussed at length
the insufficiency of the evidence to support the finding in favor
of defendant, and the court there held that the issuance of
the policy was a sufficient consideration for the indorsement
of the note by Fonville, and that there was no evidence show-
ing that the insurance company took the note with the knowl-
edge of the circumstances under which the defendant executed
it, and that therefore those circumstances did not constitute
a defense to an action on the note by the company or its
assignee.

The defendant urges very strongly a point not made pre-
viously. He argues that even if the note were valid, and the
defenses of fraud and want of consideration unavailing, never-
theless the insurance company and its assignee are estopped
from enforcing the payment of the note by reason of what
took place between him and A. G. Hawes when he called on
Hawes and explained the circumstances of the transaction
with Fonville. This argument is founded upon a finding of
the court which reads that Hawes "then and there assured
the said defendant F. W. Swanton that it would be all right,
and that he, acting for said company, would take the matter
up with said Fonville, and would look to him, Fonville, for a
settlement, and would give said defendant, F. W. Swanton,
no further trouble in the matter." There was considerable
delay after the conversation between the defendant and Hawes,
during which the defendant possibly could have proceeded
against Fonville, and while the point does not lack plausi-

bility, it has some serious defects which it will not be necessary to note, for the late Mr. Justice McFarland in the former opinion anticipated this point and effectually disposed of it in this language: "The finding [which is based upon conflicting and very slight evidence] that, after the note was due and its payment demanded, the managing agent at San Francisco told respondent, for the company, that he would look to Fonville for a settlement, and would give respondent no further trouble about the matter, is immaterial; for, in the first place, he had no authority to bind the company by such a promise, and, in the second place, the promise was without any consideration."

The evidence on the second trial was in no material particular different from that given on the former trial; there is nothing new in the case, and the views expressed by the supreme court upon the former appeal must control, and we perceive no reason why the trial court did not give effect to those views by permitting plaintiff to recover on the note.

For the foregoing reasons the judgment and order are reversed.

Hall, J., and Lennon, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 11, 1911.