[Civ. No. 939.    Third Appellate District.—May 7, 1912.]

## W. E. DEAN, Respondent, v. SEDAN MILLING COMPANY, a Corporation, et al., Defendants; H. W. POSTLETHWAITE, Appellant.

Note—Guaranty—Oral Extension of Time to Maker—Consideration—Discharge of Guarantor—Conflicting Decisions—Law of This State.—While there is an irreconcilable conflict in the decisions in different states as to whether a mere oral agreement to extend the time of payment to the maker of a note, although its terms and tenor are not changed, and no additional burden is put upon the maker, other than the interest fixed by its terms, is supported by a consideration and operates to discharge a guarantor of the note, yet under the tenor of decisions in this state, as well as under its code provisions, the rule in this state is that such oral agreement is supported by no consideration, and does not discharge the guarantor.

Id.—Code Provisions as to Exoneration of Guarantor.—Under section 2819 of the Civil Code, "a guarantor is exonerated, except so far as he may be indemnified by the principal, if by any act of the creditor, without the consent of the guarantor, the original obligation of the principal is altered in any respect, or the remedies or rights of the creditor against the principal in any way impaired or suspended." Section 2820 provides: "A promise by a creditor which for any cause is void, or voidable by him at his option, does not alter or suspend or impair the remedy within the meaning of the last section," while section 2823 thereof provides: "Mere delay on the part of the creditor to proceed against the principal does not exonerate the guarantor."

Id.—Void Promise Without Consideration Not Exonerating Guarantor—Terms of Guaranty Including Forbearance—Waiver of

DEMAND AND NOTICE.—A void promise could not exonerate the guarantor. Since a promise without consideration is void, a promise of forbearance to the creditor based thereon left the obligation of the creditor unchanged, and it remains the same as when guaranteed. By the terms of the guaranty, the guarantor guaranteed "the payment of the within note at maturity, *or at any time thereafter,*" thus contemplating the contingency that it might not be paid at maturity. Since he also expressly waived "demand, notice of nonpayment and protest," he could not therefore be released by any mere forbearance of the payee to sue the creditor after maturity, without notice to him or his consent thereto.

ID.—CONTRACT IN WRITING—MODE OF ALTERATION UNDER CODE—"ORAL EXECUTED AGREEMENT"—EXECUTION BY BOTH PARTIES ESSENTIAL. Since the note was a contract in writing, it is within the terms of section 1698 of the Civil Code, which provides that "a contract in writing may be altered by a contract in writing, or by an oral executed agreement and not otherwise." Section 1661 defines, "An executed contract is one the object of which is fully performed. All others are executory." An oral executed agreement is one which must be executed by both parties to constitute it as a modification of a contract in writing. It cannot consist of mere forbearance to sue by one of the parties without consideration.

ID.—SUPPORT OF FINDINGS—ABSENCE OF CONFLICT.—It is held the findings are supported by the evidence, and were properly made, and that there is no conflict therein.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial. William H. Waste, Judge.

The facts are stated in the opinion of the court.

Geo. F. Hatton, and Hartley F. Peart, for Appellant.

A. F. St. Sure, and J. Leonard Rose, for Respondent.

CHIPMAN, P. J.—Plaintiff commenced the action to recover the principal and interest of a certain promissory note, executed by defendant, Sedan Milling Company, dated September 3, 1908, for $2,000, payable ninety days after date to the Central Bank or order, with interest at the rate of eight per cent per annum, payable monthly. The Central Bank assigned the note to plaintiff, who brings the action. Defendant Postlethwaite indorsed the note as follows: "For value received, I hereby guarantee the payment of the within note

at maturity or at any time thereafter with interest at the rate of 8 per cent per annum, until paid, waiving demand, notice of nonpayment and protest.''

Upon sufficient evidence the court made the following finding:

"VI. That said note, together with the interest thereon, became due on the second day of December, 1908, and that the same was presented to the said Sedan Milling Company for payment thereof after said second day of December, 1908, and payment thereof demanded, but that the same was not paid except the sum of $40, which said sum was the interest on said note up to the said second day of December, 1908; that shortly after said second day of December, 1908, said Central Bank of Oakland entered into an oral agreement with the said Sedan Milling Company, without any notice to, and without the consent of, the said defendant, H. W. Postlethwaite, whereby and wherein the said Central Bank of Oakland extended the time of payment of said promissory note as follows: $1,000 and the interest on said $2,000 at the same rate of interest as provided in said note, to wit: eight per cent per annum to be paid on the second day of January, 1909, and the balance of $1,000 with the same rate of interest as provided in said note, to wit: eight per cent per annum to be paid on the second day of February, 1909; that said Central Bank of Oakland and said Sedan Milling Company did not give said defendant, H. W. Postlethwaite, any notice of said oral extension of time and that said defendant, H. W. Postlethwaite, did not at any time consent thereto; that said Sedan Milling Company did not pay said sum of $1,000 and interest on said $2,000, or any part thereof, on said second day of January, 1909, or at any other time; that on or about said second day of January, 1909, said Central Bank of Oakland demanded payment of said $1,000 together with the interest on the said $2,000 from said Sedan Milling Company, and that said Sedan Milling Company did not pay said sum and interest, or any part thereof; and that on or about the eighth day of January, 1909, notice of nonpayment by said Sedan Milling Company of said note and interest was given to the said defendant, H. W. Postlethwaite, and payment of said note together with the interest thereon was demanded of said defendant, H. W. Postlethwaite, but the same was not paid.''

As conclusion of law the court found—"that the oral extension of time of payment of principal and interest of said note mentioned in paragraph VI of the findings of fact is. void."

Plaintiff had judgment from which and from the order denying his motion for a new trial defendant Postlethwaite appeals.

The foregoing finding of fact and conclusion of law present the principal question in the case—namely, was the oral extension of time of the payment of the note void? Appellant, correctly, we think, states the rule that, in order to relieve the guarantor from liability, there must be a valid extension of time for a definite period and there must exist the mutual promises, first, by the lender to forbear his right to full payment during the period of extension; second, by the debtor to retain the money for the extended time, and such extension must be supported by a sufficient consideration.

Where the agreement makes no change in the terms of the contract and no additional burden is put upon the debtor, the creditor merely extending the time of payment, the decisions are in conflict as to whether such an agreement is supported by a sufficient consideration. Appellant cites *Nelson* v. *Flagg,* 18 Wash. 39, [50 Pac. 571], as presenting his view of the question. The court there said: "The effect of the indorsement in this case, in the light of the finding that it was at the maker's request and with his consent, was to postpone the time of payment for one year. The consideration flowing to the holder was the implied promise of the maker to pay interest during the full period of the extension, at the rate expressed in the instrument; and the promise of the holder to forbear suit for a definite period constituted a good consideration for the agreement upon the part of the maker to pay interest for such full period. Here are all the elements of a valid contract, and, upon principle, we are unable to see why such an agreement should not be sustained." The court expresses its unwillingness to agree with what it says is "the reasoning so often advanced by courts holding a contrary doctrine—that the maker under such circumstances assumes no additional obligation, that the note by its terms binds him to pay interest until the note is paid." Mr. Brandt says: "It seems the better opinion that the surety is thereby discharged. The reasoning upon which this rule is founded has been thus well

expressed: 'It is a valuable right to have the privilege at any time of getting rid of the payment of interest by discharging the principal. By this contract the right to interest is secured for a definite period, and the right to pay off the principal and get rid of paying the interest is also relinquished for such period. Here then are all the elements of a binding contract.' '' (Citing cases in foot-note.) Continuing, the author says: ''Notwithstanding this reasoning seems invincible, the contrary has been repeatedly held, the ground upon which these decisions is founded being that the promise of the principal to pay the interest for the extended period creates no additional obligation upon him, as he would have been obliged to pay the interest without any new agreement if the time had not been given.'' (Citing cases.) (1 Brandt on Suretyship and Guaranty, 3d ed., sec. 388.) It would be difficult to determine where the weight of the decisions lies if it were to depend upon the number of cases decided on each side, for they are pretty equally divided. We have a statute which must be taken into account in dealing with the question. Section 2819 of the Civil Code provides as follows: ''A guarantor is exonerated, except so far as he may be indemnified by the principal, if by any act of the creditor, without the consent of the guarantor, the original obligation of the principal is altered in any respect, or the remedies or rights of the creditor against the principal, in respect thereto, in any way impaired or suspended''; and section 2820 provides: ''A promise by a creditor, which for any cause is void, or voidable by him at his option, does not alter the obligation or suspend or impair the remedy, within the meaning of the last section.'' Mere delay on the part of the creditor to proceed against the principal does not exonerate a guarantor. (Sec. 2823.)

We are thus brought back to the question whether the promise of plaintiff was for any cause void. If it lacked consideration it was void and the guarantor was not exonerated. The promise of forbearance leaves the obligation unchanged and it remains the same as when guaranteed. By the terms of the guaranty the guarantor guaranteed ''the payment of the within note at maturity *or at any time thereafter* with interest at eight per cent per annum until paid,'' contemplating, by the very terms of the guaranty, it seems to us, the contingency that the note might not be paid at maturity. The

fact that the forbearance was without notice to or consent of the guarantor lends no weight to his claim to exoneration, for he waived "demand, notice of nonpayment and protest." The promise to pay interest during the time of forbearance was held, in *Reynolds* v. *Ward,* 5 Wend. 501, to be "no consideration" for the agreement to forbear when the debtor is already bound to pay interest; such an extension does not release the guarantor or surety. In *Davis* v. *Stout,* 126 Ind. 12, [22 Am. St. Rep. 565, 25 N. E. 862], where the time of payment was extended, the court said: "The contract is not valid, for the reason that it is without consideration. It does not belong to the class of contracts in which a consideration is implied, nor do the recitals show a consideration; neither is there any extrinsic averment showing a valid consideration for the agreement of forbearance. The principal and interest of the note were due when the payments were made and the agreement extending the time of payment entered into; hence it is plain that the payors of the note neither did anything they were not already under a binding obligation to do, nor undertook to do anything that they were not already bound to perform. . . . The surety is in no better situation than his principal, if it be true that the contract of forbearance was without consideration . . . for where there is no consideration for the contract, the surety will not be released." Many cases to like effect might be cited.

Turning to the California decisions, *McCann* v. *Lewis,* 9 Cal. 246, was a case where the time of payment of a promissory note was extended, provided the interest was paid at the end of every twelve months. Said the court, by Field, J.: "The agreement for the extension of time for the payment of the principal of the note was without consideration. It conferred no rights which the holder did not possess." In *Liening* v. *Gould,* 13 Cal. 598, the maker of the promissory note set up as a defense that the holder had agreed to extend the time of payment on payment of part of the note then due. The court held that there was no consideration for the alleged agreement of extension. In *Hughes* v. *Davis,* 40 Cal. 117, the principle was declared that an agreement to extend the time of payment could not be enforced for want of consideration.

In *Stroud* v. *Thomas,* 139 Cal. 274, [96 Am. St. Rep. 111, 72 Pac. 1008], the surety on a promissory note sought exon-

eration on the ground, among others, that the principal extended the time of payment of the note for a valuable consideration. The consideration relied on was the payment of overdue interest. Said the court, speaking through Mr. Justice Shaw: ''The money paid was due to the plaintiff by reason of the previous obligation. No additional benefit was received by the plaintiff and none could be conferred by the principal debtor by the payment of money on the obligation already existing and past due. . . . A promise made without a consideration is not binding. Consequently, the agreement for the extension of time was not a valid promise, and would not bind the plaintiff to forbear suit upon the note during the time specified in the agreement.'' Appellant contends that the facts were entirely different in the Stroud case from the facts here. The only substantial difference that we can see is that a payment of interest already due was made which the court held was not a consideration. But it was also claimed, as showing a consideration, that there was an agreement to forbear suit and on this point the court expressly said ''the agreement for the extension of time was not a valid promise and could not bind the plaintiff to forbear suit during the time specified in the agreement.'' It may be that our supreme court has not had the precise question so clearly before it as is here presented, but we think the trend of its decisions is toward that class of cases in which it has been held that an agreement to forbear suit for a definite period, the obligation remaining unchanged, is not supported by sufficient consideration and does not discharge the guarantor.

Another element is brought into the case. The contract (promissory note) is in writing and section 1698 of the Civil Code provides: ''A contract in writing may be altered by a contract in writing or by an oral executed agreement, and not otherwise''; and section 1661 provides: ''An executed contract is one, the object of which is fully performed. All others are executory.'' Appellant claims that one year having elapsed before suit was brought, the agreement was executed, at least, in part, by the creditor and this was sufficient although no payment was made as agreed. If, as we hold, there was no consideration for the agreement and it was void, it is not easy to see how it was made valid by mere forbearance to sue, for there was in law nothing to execute. There

is no element of estoppel here. Appellant had no knowledge of the agreement, did nothing by reason of it and was not prejudiced by it. However this may be, can it be said that the agreement was executed in part? An executed contract is one in which both parties have fully performed the terms of the contract; a contract performed on one side only is not an executed contract. (9 Cyc. 244; 7 Am. & Eng. Ency. of Law, 2d ed., p. 95; 1 Page on Contracts, sec. 18.) In *Pearsall* v. *Henry,* 153 Cal. 315, 325, [95 Pac. 154, 157], the court, through Mr. Justice Sloss, said: "According to section 1661 of the Civil Code, an executed agreement is one 'the object of which is fully performed. All others are executory.' . . . An oral agreement altering a written agreement is not executed unless its terms have been fully performed. Performance on the one side is not sufficient. There must be a complete execution of the obligation of both parties in order to bring the modification within the terms of the statute." (Citing numerous cases.) (See, also, *Henehan* v. *Hart,* 127 Cal. 656, [60 Pac. 426].)

It is contended that findings IX, X and XI are not supported by the evidence. These findings are to the effect that certain averments of the answer were untrue. If the court had held the agreement to forbear suit, as set forth in finding VI, *supra,* to have been valid, appellant's contention would have some foundation. But having found the facts and that they did not constitute a valid agreement, the averments of the answer were untrue in the sense they were used. And for like reason there is no conflict between finding VI and these other findings.

No other question is presented in appellant's opening brief. The judgment and order are affirmed.

Hart, J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 5, 1912.