[Civ. No. 2760. First Appellate District, Division Two.—April 18, 1919.]

BAKERSFIELD IMPROVEMENT COMPANY (a Corporation), Respondent, v. BAKERSFIELD THEATER COMPANY (a Corporation) et al., Defendants; IRVING C. ACKERMAN, Appellant.

[1] PLEADING—ACTION UPON JOINT AND SEVERAL LIABILITY—RIGHT TO PROCEED AGAINST CERTAIN DEFENDANTS ONLY—JUDGMENT.—In an action prosecuted against several defendants upon their joint and several liability, the plaintiff may, under section 414 of the Code of Civil Procedure, proceed against such of the defendants as have been served with process as if they were the only defendants, and the court may render a several judgment against any defendant therein without regard to the liability of any other defendant.

[2] LANDLORD AND TENANT—BOND GUARANTEEING PAYMENT OF RENT—TIME FOR GIVING—EXTENSION BY LESSOR.—A provision in a lease requiring a bond guaranteeing payment of the rent thereunder to be executed on or before a given date is clearly for the benefit of the lessor; therefore, the time for the giving of such bond may be extended by the lessor.

[3] ID.—OPTION OF LESSOR TO REQUIRE BOND—TIME WITHIN WHICH TO BE EXERCISED—EXTENSION—WAIVER.—Where the lease does not

provide at what date the option of the lessor to make the giving of the bond a condition precedent to the taking effect of the lease must be exercised, it will be presumed that it is to be exercised within a reasonable time. The lessor might be indulgent with the lessee in the matter of extending his time without waiving the option secured to it under the lease.

[4] ID.—TIME OF TAKING EFFECT OF LEASE — EFFECT OF CONDITIONS PRECEDENT.—Provisions in a lease that the execution of a bond guaranteeing the payment of the rent and that the expenditure of a certain sum of money by the lessee upon the premises for lights, display signs, etc., shall at the option of the lessor be conditions precedent to the lease taking effect, indicate that the parties do not intend the lease to take effect at the time it is signed. A condition precedent is one which must be performed in order to have any rights vest.

[5] ID.—AGREEMENT TO EXECUTE BOND—EFFECT OF SUBSEQUENT PROVISION.—Where a lease provides that the lessee will execute and deliver to the lessor on or before a given date a good and sufficient undertaking, in a specified sum, conditioned for the payment of the rent therein reserved, a subsequent provision that "the executing and delivery of said bond" shall at the option of the lessor "be a condition precedent to this lease taking effect" will neither limit nor enlarge the rights of the lessor or the lessee.

[6] ID.—SUBSEQUENT EXECUTION OF BOND—EFFECT—CONSIDERATION.— In such case, where a bond, though executed subsequent to the time originally contemplated, is the one originally provided for, it relates back to and takes effect in pursuance of the original agreement and is supported by the original consideration.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge. Affirmed.

The facts are stated in the opinion of the court.

Leon E. Morris for Appellant.

Purcell Rowe for Respondent.

LANGDON, P. J.—This is an appeal by the defendant, Irving C. Ackerman, from a judgment in favor of the plaintiff in the sum of three thousand dollars against him and the defendant, F. A. Giesea, as sureties for the payment of rent under a lease in which the defendant corporation was the lessee.

[1] Appellant contends, first, that as the corporation defendant was never served with summons and did not appear, the action was never at issue and a trial was improper. The action was prosecuted against the several defendants upon their joint and several liability. Section 414 of the Code of Civil Procedure applies to such a situation and provides that when summons is served on one or more, the plaintiff may proceed against the defendants served in the same manner as if they mere the only defendants. Where there is a several liability, the court has a right to render a several judgment against any defendant without regard to the liability of any other defendant. (*Anderson* v. *Nawa,* 25 Cal. App. 151, 156, 157, [143 Pac. 555].)

The appellant next presents the argument that the bond was given without consideration, and relies for this contention upon the following facts: The lease between the plaintiff and the corporation defendant was dated August 7, 1913. It provided that a bond should be executed on or before January 1, 1914, guaranteeing the payment of the rent thereunder. The term of the lease was not to begin until July 1, 1914. It was provided in the lease that the execution and delivery of the bond should, at the option of the lessor, be a condition precedent to the taking effect of the lease. The bond was not executed on January 1st. The bond in suit, in accordance with the requirements of the lease and in terms referring to the lease and guaranteeing its performance, was executed on March 27, 1914. The appellant insists that as the bond was not executed contemporaneously with the lease, it required an independent consideration. Counsel for appellant admits that under the rule laid down in the case of *Stroud* v. *Thomas,* 139 Cal. 275, [96 Am. St. Rep. 111, 72 Pac. 1008], the execution of the lease would furnish a good consideration for the bond, even though they were not executed contemporaneously, where the lease itself, as in this case, provides for the execution of the bond at some future time. In order, however, to escape the operation of this rule, counsel urges that there was a special time limit placed upon the lessee within which to give the bond, and that if it was not executed within that time, the privilege of exacting the bond came to an end, and the lessor was compelled either to avoid the lease under its option, or to permit it to become effective without the giving of the bond. And this places counsel in a position where he

must insist—as indeed he does—that the lessor could not enlarge the time for the giving of the bond—and could not indulge the lessee in further time without sacrificing his substantial rights. [2] The provision requiring a bond was clearly for the benefit of the lessor; the lessee was not to be given possession under the lease until six months after the time originally provided for the giving of the bond, and we know of no rule of law which would prevent the lessor from extending the time for the giving of the bond. It appears this was what was done in the present case. Under the lease, the Bakersfield Theater Company went into possession of the premises on July 1, 1914, the bond guaranteeing the payment of the rent having been executed and delivered prior thereto, to wit, March 27, 1914. This was the bond required by the lease and the consideration therefor was the execution and delivery of the lease. While it is true that the lease provides that the bond shall be given on or before January 1, 1914, time was not made of the essence of the contract, and the lease does not provide at what date the option of the lessor to make the giving of the bond a condition precedent to the taking effect of the lease must be exercised. [3] No time being provided within which this option might be exercised, it will be presumed that it was to be exercised within a reasonable time. Therefore, it would seem that the lessor might be indulgent with the lessee in the matter of extending his time without waiving the option reserved to the lessor. The trial court found that the bond was executed and delivered for a good and valuable consideration, to wit, the execution and delivery of the lease, and that the plaintiff did not, prior to the execution and delivery of the bond to it, waive any of its rights or any option secured to it under said lease; and that said lease did not become binding and effective as an agreement between the parties until the execution and delivery of the bond. We think these findings are sustained by the evidence.

[4] Furthermore, and approaching the matter from another angle: It appears to us from an examination of the entire lease that the lease was never intended by the parties to go into effect until the various conditions precedent provided therein had either been fulfilled by the lessee or waived by the lessor. There was no oral evidence offered in the trial court, and we have before us for consideration merely the

written instruments involved in the controversy. The lease provides that the execution of the bond shall be a condition precedent, at the option of the lessor, to the lease taking effect. It also provides that the expenditure of a certain sum of money by the lessee upon the premises for lights, display signs, etc., shall at the option of the lessor be a condition precedent to. the lease taking effect. These provisions indicate to our minds that the parties did not intend the lease to go into effect at the time it was signed. A condition precedent is one which must be performed in order to have any rights vest. The lease then did not go into effect, and the lessee had no rights in the premises until all conditions precedent to be performed by it had been performed or waived. The condition in the lease regarding the bond is as follows:

"It is further agreed that the second party will execute and deliver to the first party on or before the 1st day of January, 1914, a good and sufficient undertaking with two or more sureties satisfactory to the first party in the sum of three thousand dollars, conditioned for the payment of the rent hereinbefore reserved, and for the performance of the other covenants in this lease specified to be performed by said second party."

[5] However, the appellant contends that the words which follow the above-quoted condition, and which read: "The executing and delivery of said bond as is herein provided for, shall at the option of the first party be a condition precedent to this lease taking effect," limit and restrict the rights of the lessor in some way so as to put upon said lessor the duty of taking some affirmative action, failing in which he must give up the right to insist upon the condition. We think that this last-quoted sentence neither limited nor enlarged the rights of the lessor or the lessee, for even without the express stipulation that this agreement should be a condition precedent—such an agreement to provide security for the payment of the rent stipulated in the lease is a condition and not a covenant. (*Knight* v. *Black*, 19 Cal. App. 518, [126 Pac. 512].) "There is a decided distinction between the creation and effect of a condition and a covenant. . . . A breach of a condition upon which an estate is granted works a forfeiture of the estate, while a breach of a covenant is merely ground for a recovery in damages." (*Knight* v. *Black, supra.*) In view of the right given by the law to insist upon the perform-

ance of the condition, and in view of the further right given by the law to the lessor to waive this condition if he so desired, this sentence expresses nothing more than what the law would imply, viz., that the lessor might insist upon the performance of the condition, but that he might waive that condition if he wished.    This being true, the burden is upon the defendant and appellant here to show such waiver.    He has not shown it.    On the contrary, it appears that the defendant executed and delivered a bond to secure the payment of the rent to become due under the lease and that the lease went into effect at the commencement of the term thereof.    [6]    This bond is the one originally provided for, and has the same force and effect as if given at the time originally contemplated by the parties.    This being true, the bond relates back to and takes effect in pursuance of the  original agreement, and is supported by the original consideration.    (*Stroud* v. *Thomas,* 139 Cal. 274, [96 Am. St. Rep. 111, 72 Pac. 1008].)

The judgment is affirmed.

Haven, J., and Brittain, J., concurred.