[Civ. No. 1364. Fourth Appellate District.—June 3, 1935.]

F. W. SMITH, Respondent, v. THE PARLIER WINERY, INC. (a Corporation), et al., Appellants.

358

Cross & Brandt for Appellants.

Martin C. Thuesen for Respondent.

MARKS, J.—This is an action on a promissory note executed by The Parlier Winery, Inc., to Wylie M. Giffen and assigned to plaintiff.

On June 1, 1928, The Parlier Winery, Inc., executed and delivered to Wylie M. Giffen its promissory note for $28,000, payable one day after date with interest at the rate of seven per cent per annum. On June 1, 1929, the following writing was delivered to Giffen:

"June 1, 1929.

"At a special meeting of the Board of Directors of Parlier Winery held on the above date, the following resolution was adopted:

"Resolved: That the vice-president and secretary of the Parlier Winery extend the note of Wylie M. Giffen for eighteen months for twenty-eight thousand dollars ($28,000).

"(Seal)                    W. J. LOHMAN, Secty.

"WM. W. PARLIER, Vice-Pres."

This action was commenced on October 31, 1933. Judgment went for plaintiff and this appeal followed.

The sole question to be decided is: Assuming that the writing of June 1, 1929, is a sufficient acknowledgment of the indebtedness to toll the statute of limitations under the

provisions of section 360 of the Code of Civil Procedure, when does the statute of limitations again commence to run,—immediately upon the execution of the document, or eighteen months thereafter? It is obvious that as the action was commenced on October 31, 1933, more than four years after the due date of the note, and more than four years after the execution of the instrument dated June 1, 1929, the cause of action was barred by the provisions of subdivision one of section 337 of the Code of Civil Procedure, unless there was a valid contract extending the time of payment of the note for eighteen months after June 1, 1929.

Appellants urge that there was no valid agreement extending the due date of the note for eighteen months after June 1, 1929, because (1) the agreement, if any, was parol, and, (2) it was not supported by any consideration.

It is not questioned that the note of June 1, 1928, was the valid obligation of The Parlier Winery, Inc. It was indorsed by W. J. Lohman, William W. Parlier and R. K. Madsen. These individuals were the officers and directors of the corporation. R. K. Madsen died some time between the date of the note and June 1, 1929.

■ No interest or any part of the principal was paid and early in 1929 Giffen requested payment from the corporation. Lohman and Parlier told him the corporation could pay nothing but that they were negotiating for additional capital so the corporation could make concentrates and derive sufficient revenue to be able to pay the note; that they could not obtain this capital because the unpaid note was past due. They wanted the corporation to execute a new note but Giffen refused to accept it "because he said that he wanted to hold the Madsen estate, as Madsen had been one of the endorsers on the note". Lohman and Parlier testified that Giffen said "he would work with us"; that "he would wait until fall"; that "he would not bother us for eighteen months" and that Giffen "wouldn't take a new note, as he did not want to release the Madsen estate as Mr. Madsen had been a guarantor on the note". This is all of the evidence in the record bearing upon an agreement to extend the time of payment of the note for eighteen months from June 1, 1929. It is admitted that nothing was ever paid on the principal or interest of the note.

Section 1698 of the Civil Code provides: "A contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise." Section 1661 of the same code provides: "An executed contract is one, the object of which is fully performed. All others are executory."

In *Dean* v. *Sedan Milling Co.*, 19 Cal. App. 28 [124 Pac. 736], a case factually similar to the instant case was before the court. There it was contended, as here, that although the agreement for extension was not in writing it was executed by the payee of the note permitting the time of the extension to expire without bringing suit which brought the case within the provisions of section 1698 of the Civil Code. The court in the Dean case disposed of this contention as follows: "Appellant claims that one year having elapsed before suit was brought, the agreement was executed, at least, in part, by the creditor and this was sufficient although no payment was made as agreed. . . . Can it be said that the agreement was executed in part? An executed contract is one in which both parties have fully performed the terms of the contract; a contract performed on one side only is not an executed contract. (9 Cyc. 244; 7 Am. & Eng. Ency. of Law, 2d ed., p. 95; 1 Page on Contracts, sec. 18.) In *Pearsall* v. *Henry*, 153 Cal. [314] 315, 325 [95 Pac. 154, 157], the court, through Mr. Justice Sloss, said: 'According to section 1661 of the Civil Code, an executed agreement is one "the object of which is fully performed. All others are executory" . . . An oral agreement altering a written agreement is not executed unless its terms have been fully performed. Performance on the one side is not sufficient. There must be a complete execution of the obligation of both parties in order to bring the modification within the terms of the statute.' (Citing numerous cases.) (See, also, *Henehan* v. *Hart*, 127 Cal. 656 [60 Pac. 426].)" (See, also, *Rottman* v. *Hevener*, 54 Cal. App. 474 [202 Pac. 329].) It is obvious that the contract in the instant case was not executed by The Parlier Winery, Inc., as no part of the principal or interest was paid by it or the indorsers on the note.

In the case of *Dean* v. *Sedan Milling Co.*, *supra*, the question of a contract extending the time of payment of the note failing because of lack of consideration was also disposed of. The court there said: "In *Stroud* v. *Thomas*, 139

Cal. 274 [72 Pac. 1008, 96 Am. St. Rep. 111], the surety on a promissory note sought exoneration on the ground, among others, that the principal extended the time of payment of the note for a valuable consideration. The consideration relied on was the payment of overdue interest. Said the court, speaking through Mr. Justice Shaw: 'The money paid was due to the plaintiff by reason of the previous obligation. No additional benefit was received by the plaintiff and none could be conferred by the principal debtor by the payment of money on the obligation already existing and past due . . . A promise made without a consideration is not binding. Consequently, the agreement for the extension of time was not a valid promise, and would not bind the plaintiff to forbear suit upon the note during the time specified in the agreement.' "

The case of *Middlecamp* v. *Zumwalt*, 100 Cal. App. 715 [280 Pac. 1003], is also factually similar to the instant case in that the plaintiff in that case relied upon two oral agreements to extend the time of payment of a promissory note, nothing having been paid on the note during the time of these extensions. The court there said: "The oral testimony relating to the extension of time upon which the court found that the time of payment of the note was extended, is relied upon by the respondent as a waiver of the right of the defendant to demand payment or insist upon a forfeiture or proceed to take possession of the property until after August 1, 1928. The testimony of course shows that it was in no sense a waiver. It was simply, if anything, an oral agreement for the extension of time of payment of a promissory note. In the first place the testimony shows, and the record conclusively establishes, that there was no consideration of the promise to extend the time of payment of the promissory note in the event such promise was made. Section 1550 of the Civil Code provides that every contract must have a sufficient consideration. Whether the contract made in 1926, extending the time of payment of the promissory note until August 1, 1927, was or was not made as alleged by the plaintiff and found by this court falls within the category of an executed contract, is wholly immaterial from the fact that under the provisions of section 1550 of the Civil Code it never did rise to the dignity of an enforceable agreement and did not constitute, for lack of consideration, an extension of

time. The court found that prior to August 1, 1927, the defendant extended the time of payment of the note until August 1, 1928. This finding is based upon the oral testimony to which we have referred. Likewise, there is an absolute want of consideration for any such extension of time. This so-called extension of time being oral and not to be performed within one year, is void, as contrary to the statute of frauds, and, furthermore, is violative of the terms of section 1698 of the Civil Code, which reads: 'A contract in writing may be altered by a contract in writing or by an executed oral agreement, and not otherwise.' It is thus seen that the finding of the court as to the extension of time has no support in the testimony.''

It appearing that there was no valid agreement between Giffen and The Parlier Winery, Inc., extending the payment of the note after June 1, 1929, and the complaint not having been filed until October 31, 1933, the cause of action was barred by the provisions of subdivision one of section 337 of the Code of Civil Procedure.

The judgment against The Parlier Winery, Inc., a corporation, is reversed.

Barnard, P. J., and Jennings, J., concurred.