[Civ. No. 10522. Second Appellate District, Division Two.—November 21, 1935.]

A. F. GARRETT, Respondent, v. LOUIS BOMASH et al., Defendants; FANNIE BOMASH, Appellant.

Dudley Robinson and Proctor K. Perkins for Appellant.

Loyd Wright, Charles E. Millikan and Richard M. Goldwater for Respondent.

GOULD, J., *pro tem.*—Defendants, husband and wife, executed their promissory note for $18,000 payable to bearer. The wife's signature was given, so she testified, because her husband wanted to borrow some money on the note and she accordingly signed it. The husband took possession of the executed note and thereafter delivered it to plaintiff's assignor, concurrently with an agreement executed by himself and his son-in-law by which they guaranteed the payment of a $37,000 note, which was also secured by a trust deed upon real property. The $18,000 note, which is the subject of this action, was by said agreement transferred to plaintiff's assignor "by way of pledge . . . as additional security" for the performance of the obligations and duties of defendant Louis Bomash and his son-in-law as guarantors of the $37,000 note. Other security was also pledged by the same agreement, and at a later date, without the knowledge of his coguarantor, the son-in-law secured an extension of time to meet his obligations as guarantor.

Suit in this action was upon the $18,000 promissory note, admittedly past due and unpaid; defendant Louis Bomash was eliminated by bankruptcy proceedings and judgment for the full amount of principal and interest was entered against the wife, who prosecutes this appeal.

■ Appellant urges that she received no consideration for the execution of the note. This is refuted by her own testimony; but in any event section 3110 of the Civil Code imposes full liability upon an accommodation party in favor of a holder for value. ■ She also contends that, having delivered the note to her husband and cosigner, he became her agent, and his subsequent act in pledging the note as security at most constituted her in law only a surety, and as such surety she has the right to demand that the property mortgaged for the $37,000 debt shall first be exhausted and applied to the discharge of the obligation before the surety is called upon to make good any deficit. In this contention we believe that appellant misconstrues the terms of the contract by which her note was pledged. By that contract it was never intended that the note should be collateral for the payment of the $37,000 note, but rather that it was collateral for the perform-

ance of the obligations of the guarantors of said note. Appellant's note was specifically denominated a pledge, and provision was made for the application of its interest and principal payments and for suit in case of default, as well as other pertinent recitals as to the "pledge" and "collateral". ■
In bringing this action respondent has proceeded in accordance with the provisions of the guarantors' agreement, and appellant may not complain that the terms of the contract are now being carried out. In such a case the ordinary rules as to construction of a contract are to be observed, and the instrument shall be reasonably interpreted as other contracts are, to the end that the object for which it was given shall be effectuated. (*Sather Banking Co.* v. *Arthur R. Briggs Co.*, 138 Cal. 724 [72 Pac. 352].)

Holding as we have indicated, that the note was a pledge for the performance of the obligations of the guarantors, appellant cannot complain that the real property originally hypothecated for the $37,000 note was not first resorted to, nor that other pledged collateral was not called upon to satisfy the obligation. ■ No claim is made here, and there was no evidence introduced or offered, that appellant made any demand upon the creditor that the property of the principal should first be applied to the discharge of the debt. The California Supreme Court has stated that a surety has the "unquestioned right" to make such demand (*Adams* v. *Wallace*, 119 Cal. 67 [51 Pac. 14]), but no authority is cited to the effect that the creditor may not sue the surety until he has first proceeded against the principal. Thus, adopting for the moment appellant's thesis that she is nothing more than a surety, we must hold that the within action was nevertheless properly brought.

■ Holding as we have indicated concerning the nature of the obligation resting upon appellant, it was a matter of no concern to her that her husband's coguarantor upon the $37,000 note secured an extension of his obligation. Even assuming that the point might be pertinent here, the contention is of no weight because the coguarantor's extension was void for the reason that it was not supported by a consideration. (*Stroud* v. *Thomas*, 139 Cal. 274 [72 Pac. 1008, 96 Am. St. Rep. 111].)

Judgment affirmed.

Wood, J., and Crail, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 13, 1935, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 20, 1936.