[S. F. No. 2658.   Department Two.—September 26, 1903.]

## T. B. McADAMS, Respondent, *v.* O. O. FELKNER and EUNICE L. FELKNER, Appellants.

EJECTMENT—DEFENSE—CONTRACT OF PURCHASE FROM PLAINTIFF'S GRANTOR—BREACH—SUPPORT OF FINDINGS.—In an action of ejectment in which the defense relied upon consisted of a contract of purchase from the plaintiff's grantor, where the court found upon sufficient evidence that the defendants had not complied with the contract, which made time of the essence, and provided for a forfeiture for breach of its obligations, and found upon sufficient evidence against every phase of the defense, the judgment will not be disturbed, where no error appears in the record.

APPEAL from a judgment of the Superior Court of Santa Clara County and from an order denying a new trial.   A. L. Rhodes, Judge.

The facts are stated in the opinion of the court.

William H. Johnson, and O. O. Felkner, for Appellants.

William A. Bowden, for Respondent.

McFARLAND, J.—This is an action in ejectment; judgment went for plaintiff, and from the judgment and from an order denying their motion for a new trial defendants appeal.

The title to the premises in question is in plaintiff, it having been conveyed to him before the commencement of this action by H. G. Offield and his wife, Linnie J. Offield, the latter being then the owner of the legal title.   The defendants set up as a defense that they were rightfully in possession, under a written contract made by defendant O. O. Felkner with the said Offields to purchase the premises, a copy of the contract being attached to the answer.   In that contract the Offields agreed to sell and convey the premises to said defendant upon his payment of a certain sum of money in certain named monthly payments; and it is provided that upon the failure of said defendant to comply with the terms of the contract the Offields "shall be released from all obligations in law or in equity to convey said property, and said

party of the second part [said defendant] shall forfeit all right thereto;" and it is further provided that time is of the essence of the contract. The court found that defendants had not complied with the terms and conditions of said contract, but had broken and violated the same, and the evidence sustains the finding. It is alleged in the answer that Linnie J. Offield, who was the owner of the legal title to the premises, verbally extended the time prescribed in the contract for making certain payments, and that defendant tendered the amount due before the expiration of the extended time; but the court found that these averments were not true, and the evidence as to those matters is certainly conflicting within the rule. It is averred that plaintiff and the Offields entered into a corrupt conspiracy concerning the conveyance of the premises from the latter to the former; but the court found against this averment, and this finding is clearly sustained by the evidence. All the findings of the court are supported by the evidence, and this being so, we see no valid reason for disturbing the judgment. There is an exception to the admission of a purported notice given by plaintiff to defendant before the commencement of this action, but the record does not contain such notice. The facts that defendant had paid some part of the purchase price, and had made some improvements on the premises, and that defendants had been allowed to make some previous payments after they had become due, do not, under the terms of the contract, constitute a defense to this action. As the defendant Eunice L. Felkner filed an answer raising material issues in the case, she was properly included in the judgment.

The judgment and order appealed from are affirmed.

Lorigan, J., and Henshaw, J., concurred.