[Civ. No. 2667.  First Appellate District, Division One.—March 25, 1919.]

## CONSOLIDATED CONCESSIONS COMPANY (a Corporation), Appellant, v. EMMETT W. McCONNELL, Respondent.

[1] PLEADING—CORPORATE EXISTENCE—INSUFFICIENT ALLEGATION.—A complaint in an action by a corporation which alleges that it was incorporated on or about a stated date, but which does not allege that it continued to be such corporation for or at any time thereafter, or that it was a corporation at the time of any of the transactions referred to in its pleading, or at the time of the institution of the action, is demurrable.

[2] ID.—ACTION TO CANCEL DOCUMENTS—EXISTENCE OF—INSUFFICIENT COMPLAINT.—Where the main purpose of an action is to have certain documents rescinded, canceled, and surrendered, and there is no allegation in the complaint that such documents ever in fact came into being or were in existence or in the possession of or under the control of the defendant at the time the action was begun, the complaint is insufficient.

[3] ID.—RECOVERY OF MONEY—BONA FIDE STOCKHOLDERS—ESSENTIAL ALLEGATIONS.—Allegations that the defendant used the corporation as a "tool and catspaw" of himself and a fellow-conspirator, and as a "means and instrumentality of defrauding and swindling the public, by which process he wrongfully and fraudulently" received from the corporation a stated sum of money "paid into said company by the public as the proceeds of plaintiff's stock," are entirely insufficient to base a right of action in favor of the corporation for the recovery of the money, where there is no allegation as to the existence of *bona fide* stockholders of the corporation not parties to the wrongful acts.

[4] ID.—ORDER SUSTAINING DEMURRER WITHOUT LEAVE TO AMEND—DISCRETION.—The refusal of leave to amend after sustaining a demurrer to a fifth amended complaint is not an abuse of discretion.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. M. Seawell, Judge. Affirmed.

The facts are stated in the opinion of the court.

H. D. Newhouse and Milton Shepardson for Appellant.

Wise & O'Connor for Respondent.

RICHARDS, J.—This is an appeal from a judgment in favor of the defendant after an order sustaining his demurrer to the plaintiff's fifth amended complaint. The action purported to be one instituted by the plaintiff as a corporation to annul and cause to be canceled a certain contract between the plaintiff and the defendant for the sale by the latter and purchase by the former of certain capital stock in other corporations, and for delivery up for cancellation and annulment of a certain promissory note of the plaintiff for the sum of five hundred thousand dollars, and for the cancellation and annulment of sixty thousand shares of the capital stock of plaintiff, which was to have been issued to the defendant pursuant to said contract, and for an accounting between the defendant and the plaintiff as to the funds received by the former as a result of these transactions, and for general relief.

The demurrer of the defendant to the fifth amended complaint was both general and special, and was sustained by a general order of the trial court, and from the judgment thereupon entered the plaintiff prosecutes this appeal.

[1] A mere cursory view of the plaintiff's fifth amended complaint will serve to show that the defendant's demurrer to its sufficiency was well taken upon several grounds. In the first place, while it is averred that the plaintiff was incorporated on or about July 15, 1913, there is no averment that it continued to be such corporation for or at any time thereafter, or that it was such corporation at the time of any of the transactions referred to in the plaintiff's pleading, or at the time of the institution of this action in the month of April, 1917. The defendant's demurrer aimed at this defect is both general and special, and obviously is good. [2] Again, this complaint alleges that certain transactions, embracing the execution of a contract with the defendant and the issue of certain stock to him pursuant thereto, and the receipt from him as the consideration therefor and for the promissory note of the plaintiff, of certain shares of stock of other corporations, was purported to be authorized by certain resolutions purporting to have been adopted at certain meetings of the corporation which were never held, but the complaint fails to aver

that such contract was ever in fact executed or acted upon, or that such stock was ever in fact issued, or that said promissory note was ever executed or delivered to the defendant; in a word, the complaint utterly fails to aver that the several instruments which it is the main purpose of the action to have rescinded, canceled, and surrendered, ever in fact came into being or were in existence or in the possession of or under the control of the defendant at the time the action was begun.

[3]  A yet more serious deficiency in the complaint before us is this: The action is one apparently to set aside the contract, stock, and promissory note authorized to be issued to the defendant at fictitious meetings of the directors of the corporation who were merely nominal stockholders therein, who are alleged never to have had any interest therein or to have given any consideration for their stock, which collectively amount to but ten shares; and having accomplished the cancellation of these documents; to recover from the defendant the sum of ninety thousand dollars, which it is alleged the defendant has defrauded the public out of.  In view of these objects to be attained by this action it would seem to have been an essential averment that there were stockholders of the corporation other than the defendant and the few nominal incorporators thereof who are alleged to have no interest therein; yet this fifth amended complaint contains no averment that there are any such stockholders save the inferential allegation that the defendant used the corporation as a "tool and catspaw" of himself and a fellow-conspirator, and as a "means and instrumentality of defrauding and swindling the public, by which process he wrongfully and fraudulently received from the Consolidated Concessions Company about ninety thousand dollars paid into said company by the public as the proceeds of plaintiff's stock."  It is clear that these averments are altogether insufficient to base a right of action for the recovery of money upon.  If, as alleged, this corporation was the "tool and catspaw" of the defendant and his fellow-conspirators, there is nothing to show that it is not still such, or that being *particeps criminis* in the alleged fictitious and fraudulent transactions it has any right of action to set aside such transactions or recover moneys, unless so to do would redound to the benefit of *bona fide* stockholders of the corporation, who are the real parties in interest and the only persons defrauded by the defendant's alleged wrongful acts.

It was essential, therefore, to have alleged that there were such persons, and who they were, and what their interest in the corporation amounted to, and in what specific way and to what extent they were injured by the acts and proceedings complained of. Such averments are altogether lacking from this complaint.

It was the existence of these and a number of other defects in this fifth amended complaint which caused the court to properly sustain the general and special demurrer to it.

[4]   The main contention of the plaintiff on this appeal appears to be that the trial court sustained said demurrer without leave to amend. Had this been a demurrer to the original complaint, there might be some reason or force to this contention, but there is a limit to which the patience of the trial court may be extended in the matter of allowing repeated attempts to amend a faulty pleading. This was pointed out in the case of *Billesbach* v. *Larkey,* 161 Cal. 649, [120 Pac. 31], wherein the supreme court, in affirming a judgment rendered after a third ineffectual attempt to amend a complaint, said: "Ordinarily the trial court should be liberal in allowing amendments where the defect in the complaint is one of form only. This, however, is a matter which is almost entirely within the discretion of the court, and this court can reverse the case only where there is a manifest abuse of discretion in giving final judgment on demurrer without leave to amend. The plaintiff does not have a positive right to amend his pleading after a demurrer has been sustained to it; his leave to amend afterward is always of grace, not of right. In the present case the final pleading of plaintiffs was the third amended complaint. It was therefore their fourth attempt to state a cause of action. The refusal of leave to amend was not an abuse of discretion."

We do not deem it necessary to pursue the subject further. Judgment affirmed.

Waste, P. J., and Kerrigan, J., concurred.