[Civ. No. 2180. Third Appellate District.—October 29, 1920.]

BYRON JACKSON IRON WORKS (a Corporation), Respondent, v. A. W. HOGE et al., Appellants.

[1] Sales—Conditional Sale of Personal Property—Attachment to Realty—Rights of Mortgagees and Purchasers.—Where personal property is sold under a contract reserving the title, to be affixed to real estate, the title of such seller becomes subject to the rights of mortgagees and purchasers in good faith and without notice of the reserved title.

[2] Id.—Conditional Sale of Machinery to Lessee of Mine—Nature of Affixed Machinery as Against Owner of Mine.—

---

1. Rights of parties where property is conditionally sold to be attached to realty of third person, note, Ann. Cas. 1916D, 915.

Where machinery is sold to a lessee of a mining claim under a conditional sale contract, the title thereto to remain in the seller until the full purchase price therefor shall be paid, it is personal property in the hands of the owners of said mining premises the same as while in the possession of their lessee, notwithstanding such machinery is affixed to the mining premises.

[3] New Trial—Irregularities in Relation to Execution.—Irregularities in relation to the issuance of an execution after the entry of judgment are not grounds for a new trial.

[4] Pleading — Corporate Existence of Plaintiff — Evidence — Absence of Prejudicial Error.—In an action for the recovery of certain mining machinery or the value thereof, an allegation "That plaintiff is a corporation duly organized, existing and doing business under and by virtue of the laws of California," sufficiently shows the existence of the plaintiff as a corporation at the time of beginning the action; and where the evidence introduced at the trial shows that the plaintiff was doing business as a corporation at the time of the sale of such machinery, and the whole case is tried upon the theory of the plaintiff being a corporation during all the times involved in the various transactions, the error of the court in not sustaining the defendant's demurrer, if error it be, would not result in a miscarriage of justice.

[5] Findings—Omission of—Want of Injury.—Where a finding is omitted upon an issue which necessarily would be against the appellant if any finding were made thereon, the appellant is not injured by the failure to find upon that issue.

[6] Statute of Limitations — Sale of Machinery to Lessee of Mine—Claim of Ownership by Lessors.—Where machinery sold to the lessee of a mining claim under a conditional sale contract, the title to remain in the seller until the full purchase price therefor is paid, is attached to the mining premises, the lessors' title to such machinery as founded upon the statute of limitations begins at the date of their taking possession thereof, following the lessee's abandonment of work on the leased premises, and not at the date the lessors acquired such mining premises.

APPEAL from a judgment of the Superior Court of Nevada County.  J. E. Prewett, Judge.  Affirmed.

The facts are stated in the opinion of the court.

W. E. Wright for Appellants.

Wm. B. White for Respondent.

PLUMMER, P. J., *pro tem.*—The defendants and appellants are, and were during all the times mentioned in this

opinion, owners of a certain mining claim situate in Nevada County. During the year 1915 the defendants leased said mining premises to the Willow Valley Mining Company, and thereafter the said Willow Valley Mining Company entered into a contract for the purchase from the plaintiff of a certain pump and electric motor to be used upon the mining premises herein referred to. The pump and motor were delivered by the plaintiff to the Willow Valley Mining Company on or about the 15th of September, 1915. The agreement of sale entered into between the Willow Valley Mining Company and the plaintiff provided that the title to the pump and motor should not pass from the plaintiff to the Willow Valley Mining Company until the full purchase price thereof had been fully paid. The Willow Valley Mining Company continued operations upon the mining premises under its lease from the defendants until on or about the sixth day of March, 1916, but, according to the testimony of some of the witnesses, did not abandon its work entirely upon the leased premises until some time during the year 1917. The Willow Valley Mining Company never completed its purchase of the pump and motor herein referred to, and left said property upon the mining premises belonging to the defendants at the time it finally gave up its lease thereto. Some time after the discontinuance of operations by the Willow Valley Mining Company and its surrender of the mining premises to the defendants, the plaintiff in this action demanded of the defendants the return of the pump and motor, which return not being made, suit was begun for the recovery of the same in the month of October, 1918. Judgment went for the plaintiff for the return of the property or the value thereof.

The appellants contend that by virtue of the provisions of section 661 of the Civil Code, the pump and motor became real estate immediately upon being brought upon the mining premises.

The testimony in this case does not clearly show whether the pump and motor were, at the time of the beginning of this action, either in place for operation or affixed to any portion of the premises, but it does show that at the time of their use they were affixed, and as the case appears to have been tried upon the theory of their having been affixed, we will so consider the same.

Section 661 was enacted in 1872, and was, therefore, in force at the time of the rendition of the decision in the case of *Hendy* v. *Dinkerhoff et al.*, 57 Cal. 3, [40 Am. Rep. 107], where a similar question as presented in this case appears to have first been considered by the supreme court of this state.   In that case, Hendy had leased a steam engine and boiler to one Lampson, with the right of purchase, Lampson to become the owner upon the full payment of the purchase price, title to remain in Hendy until the purchase price was so paid.   The engine and boiler were permanently affixed to a quartz-mill on the mining claim, which mining claim and mill belonged to the defendant Dinkerhoff.   An agreement of sale existed between Dinkerhoff and Lampson.   Lampson failed to make purchase, and Dinkerhoff took possession of the mining premises and the quartz-mill, including the engine and boiler purchased by Lampson from Hendy under the agreement as stated above, Lampson failing to make payment.   After the premises had been restored to the possession of Dinkerhoff, Hendy began action against Dinkerhoff for the recovery of the engine and boiler, or the value thereof.

The court held in that case that, as between Hendy and Lampson, the engine and boiler remained personal property, notwithstanding the fact of their having been attached to the mill, and then asked the following question: "Can they be so regarded in the hands of the defendants?" and then used the following language: "How this would be if the latter occupied the position of a *bona fide* purchaser, without notice, of the real estate to which the chattels were attached, need not be determined, for they are not in that position. They were all the time the owners of the property to which the engine and boiler were attached; and as such owners, placed Lampson in possession of the mill and mine, with authority to work them, and under an agreement on his part to purchase, with the stipulation that, in the event he failed to do so, any and all machinery and tools put upon or used in said mill or mine should become the property of the defendants.   Under these circumstances, the latter must be held to stand in the shoes of Lampson, and the property in question treated as personalty in their hands as in his."

While in a proper case it would be held, under section 661 of the Civil Code, that the kind of property therein de-

scribed would be treated as real estate, the holding of this case is clearly to the effect that it does not operate independently as a transfer of title.

In the case at bar, the defendants placed the Willow Valley Mining Company in possession of the mining premises owned by them under a lease providing that the Willow Mining Company should operate the same, and also might exercise an option of purchase. Under these circumstances, the defendants were acting just as the defendant in the Dinkerhoff case. They knew, or they must have known, that, in order to operate the mining premises their lessee would have to purchase mining machinery and the necessary equipment.

In the case of *Jordan* v. *Myres et al.*, 126 Cal. 565, [58 Pac. 1061], it appears that the Joshua Hendy Machine Works leased an engine and other machinery to one Berry, who was operating a mine belonging to the defendant, Berry obtaining the machinery from the Joshua Hendy Machine Works under a conditional sale, title not to pass until the purchase price had been paid. The machinery was attached to the mine. Payment of the purchase price was not made. Thereafter, in an action to foreclose a mechanic's lien, it was held that the character of the property had not changed from personalty to realty so as to render the rights of the Joshua Hendy Machine Works to recover the same subject to the rights of the lienholders.

In the case of *Oakland Bank of Savings* v. *California Pressed Brick Co.*, 183 Cal. 295, [191 Pac. 524], the supreme court reviews the various questions involved in this action, and holds substantially as follows: Notwithstanding personalty is converted into realty and is afterward affixed to the land, it will, as between the buyer and seller, be treated as personalty. That so long as the personalty retains its character as such, the title of the conditional vendor will be good as against a subsequent mortgagee or purchaser, but that when it changes its character by reason of being affixed to real estate, a subsequent purchaser or mortgagee, without notice, will be held to have acquired the title to the personal property so affixed as against the conditional vendor.

[1] The overwhelming weight of authority unquestionably is, as contended by appellant, that where personal property is sold under a contract reserving the title, to be

affixed to real estate, the title of such seller becomes subject to the rights of mortgagees and purchasers in good faith and without notice of the reserved title. [2] But that is not this case. The defendants are neither mortgagees nor purchasers. They are simply the owners of certain mining premises, which they have leased to the Willow Mining Company with the right given and under the expectation that the Willow Mining Company would install machinery thereon and operate the same. Under such a state of facts, and under the long-established rule of decision in this state that conditional sales are valid, it must be held in this case, as in the Dinkerhoff case, that the pump and motor were personal property in the hands of the defendants the same as while in the possession of their lessees.

[3]   Other points for reversal are made by appellant, which we will now consider: First, that a new trial should have been granted for irregularities in relation to the issuance of an execution after the entry of judgment in the court below. A reference to section 657 of the Code of Civil Procedure shows clearly that such contention is untenable, as no such grounds for a new trial are therein provided for.

[4]   It is also contended that the trial court erred in holding that the complaint sufficiently alleged the corporate character of the plaintiff. The complaint alleges: "That plaintiff is a corporation duly organized, existing and doing business under and by virtue of the laws of California." Reliance for reversal upon this point is placed upon the decision in the case of *Consolidated Concessions Co.* v. *McConnell*, 40 Cal. App. 443, [180 Pac. 842]. In that case the plaintiff alleges that it was incorporated on or about July 15, 1913. There was no averment that it continued to be a corporation, or that it was a corporation at the date of the institution of the action.

In the instant case, the complaint shows the existence of the plaintiff as a corporation at the time of beginning the action. The evidence introduced shows that the plaintiff was doing business as a corporation at the time of the conditional sale of the property involved herein. The answer does not deny the existence of the corporation alleged in the plaintiff's complaint. The whole case was tried upon the theory of the plaintiff being a corporation during all the times involved in the various transactions, and under such

circumstances it would seem that section 4½ of article VI of the constitution applies, and that the error of the court in not sustaining the defendants' demurrer upon this point, if error it be, has not resulted in a miscarriage of justice, but that, on the other hand, it would be a miscarriage of justice to send the case back for another trial upon a point involving no substantial rights.

[5] It is further insisted that the court below should have found upon the defendants' allegation that the plaintiff's cause of action, if any, was barred by the provisions of section 338 of the Code of Civil Procedure.

The authorities are, without substantial conflict, that where a finding is omitted upon an issue which necessarily would be against the appellant, if any finding were made thereon, that the appellant has not been injured by such failure.

[6] The basis for the claim that the statute has run in this case is that the defendants became the owners of the property on the fifteenth day of September, 1915, when it was delivered to their lessee. There being nothing in this claim, as we have heretofore shown, their title to the property as founded upon the statute of limitations would begin at the date of their taking possession of the same, which did not occur until well within the period of three years preceding the institution of this action. Hence, when the court below found that the property had not become realty, and that the title thereto did not pass by reason of its being attached to the mining premises, it disposed of all rights that were asserted to have been acquired by reason of the statute of limitations, and the finding would necessarily have been against the defendants, if any finding were made, which we must hold, under the circumstances, not to be necessary to support the judgment.

It follows from what has been said that the judgment and order of the trial court must be, and the same are, hereby affirmed.

Hart, J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 27, 1920.

All the Justices concurred.