[Civ. No. 8098.  First Appellate District, Division One.—January 23, 1932.]

P. J. FREIERMUTH COMPANY (a Corporation), Respondent, v. A. FAUSTINO, Appellant.

Thomas Butler for Appellant.

J. F. Murphy for Respondent.

TYLER, P. J.—Action to recover possession of certain personal property.

On August 16, 1927, one W. S. Irwin was the equitable owner of certain hotel premises under an executory contract of purchase from one G. E McCline. McCline had, prior to said date, executed his note for $7,000 secured by a deed of trust on the property in favor of defendant Faustino. On said sixteenth day of August, plaintiff drilled a well and installed certain joints of well casing and also supplied a pumping unit for use on the land and hotel premises. The price agreed upon for the improvements was the sum of $833.76, payable in installments under the terms of a conditional sales contract between plaintiff and Irwin. Irwin paid $50 of the agreed price for the installation and equipment and then defaulted in payments. Irwin remained in possession for over two years thereafter and until January, 1929, when, by a judgment, McCline, the vendor, repossessed the land and premises. Thereafter on April 1, 1929, McCline sold and by deed conveyed his estate in the land and premises to defendant Faustino, the owner of the deed of trust. Subsequently, and on December 11, 1929, plaintiff in writing demanded of Faustino the return of the pumping unit which it had sold to Irwin under the conditional sales contract. Delivery was refused and thereafter this action was brought for its recovery. The trial court found that the property had not lost its personal character and judgment was rendered in favor of plaintiff for its return, together with damages for the detention.

It is defendant's contention that the property was affixed to the premises with the intention to make it an integral part of the realty and that, this being so, plaintiff lost its right to assert title to the same after the premises had passed into defendant's ownership; that plaintiff's contract with Irwin, even though it did reserve title to the chattels, did not bind either McCline or defendant after foreclosure of Irwin's interest and repossession by McCline.

There is no merit in appellant's contention. There is evidence in the record to show that both McCline and Faustino knew of the entire transaction had between Irwin and the plaintiff. Faustino acted as the agent of McCline and, in such capacity, collected the installments due McCline from Irwin under his contract of purchase. Both McCline and Faustino agreed to the installation of the pumping unit. It also appeared in evidence that, before Faustino took over the property, the claim of plaintiff was discussed and it was concluded that the same would have to be paid. Faustino had a substantial interest in the property by reason of his deed of trust of $7,000 at the very time plaintiff installed its equipment and thereafter until he acquired full title to the property from McCline. The evidence thus shows that Faustino had, both before and after his purchase, full knowledge of the entire transaction and that he had acquiesced in the same. He was therefore not a *bona fide* purchaser without notice. ■ The rule is well established that one having actual notice of the rights and equities of third persons is not a *bona fide* purchaser for value. (25 Cal. Jur., p. 829.) The title of a conditional sales vendor of personal property, which is affixed to the real property, is paramount to the title of the purchaser of such property when he takes with notice of the rights of the conditional sales vendor.

■ Under the conditional sales contract between Irwin and plaintiff, it was agreed that no title to the plant should pass until full payment for the same had been made. This was a binding contract between these parties. Both McCline and Faustino had notice of this arrangement, and, this being so, they were also bound by it. (*Oakland Bank of Savings* v. *California Pressed Brick Co.*, 183 Cal. 295 [191 Pac. 524].) The cases on this subject are extensively reviewed in *Byron Jackson Iron Works* v. *Hoge*, 49 Cal. App. 700 [194 Pac. 45], and the question needs no further discussion.

■ Appellant advances the additional contention that plaintiff is not entitled to damages for depreciation by reason of the fact that under the contract between plaintiff and Irwin it was otherwise provided, and that damages were recoverable only for injury by the elements. Plaintiff was entitled to the return of the property after demand, which was made on December 11, 1929. This being so, damages for depreciation occurring after that date were recoverable, regardless of any of the provisions in the contract with reference thereto. (*Berry* v. *Bank of Bakersfield*, 177 Cal. 206 [170 Pac. 415].)

The judgment is affirmed.

Knight, J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 20, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 21, 1932.