[Civ. No. 15173.   Second Dist., Div. Two.   Mar. 1, 1946.]

CLYDE C. HALL et al., Respondents, v. ADOLPH REMP et al., Appellants.

Paul Barksdale d'Orr for Appellants.

Herbert Gall and Edward Fitzpatrick for Respondents.

WILSON, J.—Appellants were the owners of a restaurant business and the real property on which it was located. On August 3, 1944, they entered into an agreement in writing whereby they agreed to sell and respondents agreed to buy said property. Of the purchase price $15,000 in cash was to be paid by the purchasers "upon the execution of this agreement"—$10,000 to be deposited in escrow with the Bank of America National Trust & Savings Association and $5,000 with appellants' attorney, Frank H. Love. It was provided that "time is the essence of this agreement."

In the afternoon of August 3d, the date of the agreement, appellants went with their attorney to the bank where they signed the agreement of sale and the escrow instructions. Telephone calls were made to respondent Rothenborg informing him that appellants had signed the contract and requesting him and respondent Hall to call at Mr. Love's office as soon as possible and sign it. Respondents did not appear at Mr. Love's office until after 6:30 o'clock in the afternoon. They signed the agreement but did not deposit any part of the sum of $15,000 which was to be paid upon the execution of the agreement.

On August 4th Mr. Love, at the request of appellants, prepared a notice of cancellation and rescission of the escrow instructions which was delivered to the bank either on the fifth or seventh day of August. He also delivered a notice of cancellation to respondent Rothenborg on August 8th and on the same day mailed a copy of the notice to respondent Hall at San Diego. Respondents then brought this action for breach of contract and recovered a judgment for $4,750, from which this appeal is taken.

The court found that at all times mentioned in the pleadings Mr. Love was the actual and ostensible agent of appellants and that after the execution of the contract they, by and through their said agent, waived the time for making the cash payment that was required by the contract to be made upon its execution to and including August 8, 1944, and waived the provision that time was the essence of the agreement. This finding is not sustained by the evidence. There is no evidence that Mr. Love was the actual or ostensible agent

of appellants or that he had actual or ostensible authority to act for them to the extent of amending the contract or of waiving time of payment or any other of its terms. "An agent has such authority as the principal, actually or ostensibly, confers upon him." (Civ. Code, § 2315.) The record is devoid of evidence that appellants intentionally, or by want of ordinary care, allowed Mr. Love to believe himself to possess actual authority to waive any part of the contract (Civ. Code, § 2316), or that appellants intentionally, or by want of ordinary care, or in any manner, caused or allowed respondents to believe Mr. Love to possess such authority. (Civ. Code, § 2317.) Mr. Love was employed by appellants to prepare the agreement of sale and the escrow instructions to the bank, and to hold the sum of $5,000 and pay the same on behalf of appellants to any creditors whose claims might be presented against them after notice of sale had been given as required by section 3440 of the Civil Code. Mr. Love's authority extended no further than the performance of those acts.

Respondent Rothenborg testified that during his negotiations with appellants Mr. Remp informed him that "all transactions must be carried on through Mr. Love's office, or with his counsel and approval." And again, that he, Mr. Rothenborg, was informed that "until Mr. Love was brought into the picture, if that is the proper way of putting it, nothing definite could be arrived at; that it would be necessary to see Mr. Love in his office and get him to draw up papers before we would come to any final deal." A telephone call was made to Mr. Love, said the witness, "attempting to make an appointment with him so that we could go down and get his opinion as to what type of papers should be drawn to make the deal satisfactory to all parties." The foregoing is all of the testimony to which we have been referred by respondents in support of their assertion that Mr. Love was the agent of appellants, authorized by them to waive or amend any portion of the agreement. This evidence is insufficient to show actual or ostensible authority in Mr. Love as found by the court. Other testimony of Mr. Rothenborg to the effect that Mr. Remp said that Mr. Love "would have full authority to handle the deal" on behalf of appellants is shown by the transcript to have reference to a previous transaction and was stricken out by the court. Mr. and Mrs. Remp and Mr. Love all testified that the latter was not given authority to waive any provision in the written contract.

■ Respondents' contention that the time of payment was extended, even if Mr. Love's authority to act were admitted, is negated by the rule that a contract in writing cannot be altered except by another contract in writing or by an executed oral agreement. (Civ. Code, § 1698; *Rottman* v. *Hevener*, 54 Cal.App. 474, 478 [202 P. 329]; *Harloe* v. *Lambie*, 132 Cal. 133, 136 [64 P. 88]; *Henehan* v. *Hart*, 127 Cal. 656, 658 [60 P. 426]; *United Iron Works* v. *Outer Harbor etc. Co.*, 168 Cal. 81, 84 [141 P. 917].) ■ Evidence of oral stipulations is not admissible to alter the terms of a contract in writing, and the fact that some of the evidence relating to the alleged oral understanding was not objected to by appellants cannot affect their right to insist upon the agreement as written. (*Rottman* v. *Hevener, supra.*)

■ Since time of payment was of the essence of the contract, the failure of respondents to make the payment at the time provided therein worked a forfeiture without the necessity of the notice given by appellants indicating their election to cancel and rescind the contract. (*Northern Assurance Co.* v. *Stout*, 16 Cal.App. 548, 557 [117 P. 617]; *McAdams* v. *Felkner*, 140 Cal. 354 [73 P. 1064]; *Commercial Bank* v. *Weldon*, 148 Cal. 601, 608 [84 P. 171].)

■ The contract also provided that it contained the entire agreement between the parties, and that no statement, promise, or inducement made by any party thereto, or agent of any party, not contained in the contract should be binding or valid. Respondents and appellants were dealing at arm's length. Since respondents were informed by the contract that all of the terms and conditions pertaining to the sale were contained therein, appellants were absolved from responsibility for anything not contained in the writing. (*Warner* v. *Taft Land & Dev. Co.*, 113 Cal.App. 71, 80 [297 P. 969]; *W. J. Latchford Co.* v. *Southern Cal. Gas Co.*, 125 Cal.App. 112, 114 [13 P.2d 871]; *Gridley* v. *Tilson*, 202 Cal. 748, 751 [262 P. 322].)

Judgment reversed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied March 18, 1946, and respondents' petition for a hearing by the Supreme Court was denied April 29, 1946.