[Civ. No. 7685.   Third Dist.   June 22, 1950.]

MERCER NICHOLSON, Respondent, v. M. C. SMITH,
Appellant.

William W. Speer and C. H. Van Harvey for Appellant.

Ernest Mitchell for Respondent.

ADAMS, P. J.—In this case, on November 30, 1944, one
M. G. Lind, owner of property called Ocean Fish Market,
leased same to Roy Watson for five years. On May 25, 1946,
Watson sold the lease to M. C. Smith. The latter paid for the
assignment of the lease, partly in cash and partly by his note
for $1,700, the due date of the note being January 1, 1947.
On February 20, 1948, the note being unpaid, Watson assigned
same to Mercer Nicholson who filed this action on said note on
March 1, 1948. While Mrs. Smith was made a defendant in
the action, as to her it was dismissed during trial.

Shortly after the execution of the note by Smith, M. G.
Lind, the original lessor, sold the Ocean Fish Market to James
F. Tracy. On August 20, 1946, Tracy brought an action
against both Watson and Smith, seeking a cancellation of the
original lease on the ground that the lessees had committed

waste thereon in violation of the terms of the lease. Defendants answered denying waste. It was stipulated that that action had not been disposed of when the action before us was tried on April 19, 1948.

In defense of this action on the promissory note, defendant Smith testified that after the execution of the note Watson agreed with him, orally, that payment of the note need not be made until the action brought by Tracy was concluded. Watson denied this. There was, therefore, a conflict of evidence on this point. There was no evidence that any consideration was given to Watson for any extension of the due date of the note.

The trial court rendered judgment in favor of plaintiff Nicholson. It relied upon section 1698 of the Civil Code, holding that the note, being a contract in writing, could not be altered by an unexecuted oral agreement. Smith has appealed therefrom.

We think that the judgment must be affirmed. A promissory note is a contract in writing within the provisions of section 1698 of the Civil Code, and the promisor may not alter the terms thereof by parol so as to extend its due date. (*Henehan* v. *Hart*, 127 Cal. 656, 657 [60 P. 426] ; *Middlecamp* v. *Zumwalt*, 100 Cal.App. 715, 724 [280 P. 1003] ; *Rottman* v. *Hevener*, 54 Cal.App. 474, 479 [202 P. 329] ; *Rathbun* v. *Security Mfg. Co.*, 82 Cal.App. 793, 795 [256 P. 296] ; *Hall* v. *Remp*, 73 Cal.App.2d 377, 381 [166 P.2d 372] ; *Columbia Casualty Co.* v. *Lewis*, 14 Cal.App.2d 64, 76 [57 P.2d 1010] ; *Alameda County Title Ins. Co.* v. *Panella*, 218 Cal. 510, 514 [24 P.2d 163].)

Also, an extension of time for payment, without consideration for such extension, may not be relied upon. (*Middlecamp* v. *Zumwalt, supra*; *Smith* v. *Parlier Winery, Inc.*, 7 Cal.App.2d 357, 361 [46 P.2d 170].)

And finally, the testimony as to the granting of any extension being conflicting, the trial court's decision in favor of plaintiff finds adequate support in the testimony denying an agreement to extend.

The judgment is affirmed.

Peek, J., and Van Dyke, J., concurred.

A petition for a rehearing was denied July 21, 1950, and appellant's petition for a hearing by the Supreme Court was denied August 17, 1950.