Filed 4/17/13  Nikolic v. Forte CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| ZVONIMIR NIKOLIC, | B240453 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. VC059700) |
| v. | |
| MARTIN FORTE et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Margaret M. Bernal, Judge.  Affirmed.

Law Offices of Timothy L. McCandless and Timothy L. McCandless for Plaintiff and Appellant.

Lane J. Thomas for Defendants and Respondents.

* * * * * *

After his residence was sold at a non-judicial foreclosure sale, plaintiff and appellant Zvonimir Nikolic filed a complaint alleging multiple causes of action against defendants and respondents Martin Forte; Nonine Freitas and Erika Reynolds in their capacity as individuals and as successor trustees of the Forte Trust; and other defendants. He generally alleged that Forte, Freitas and Reynolds failed to acknowledge an oral agreement between their father and him concerning the interest rate on a promissory note and thereafter impeded his ability to make timely payments on the note. The trial court sustained their demurrer without leave to amend.

We affirm. Appellant failed to allege sufficient facts to support any of his causes of action. Given that this was appellant's third attempt to state a viable claim, the trial court properly exercised its discretion in denying leave to amend.

## FACTUAL AND PROCEDURAL BACKGROUND

"On appeal from a judgment of dismissal following a demurrer sustained without leave to amend, we assume the truth of all well-pleaded facts, as well as those that are judicially noticeable, but not contentions, deductions or conclusions of fact or law. [Citations.]" (*Van De Kamps Coalition v. Board of Trustees of Los Angeles Community College Dist.* (2012) 206 Cal.App.4th 1036, 1040.)

### *The Foreclosure.*

In November 1994, appellant purchased a residence at 13544 La Forge Street in Whittier (the property) from Jefferson Forte (decedent) and his wife Renate Forte as trustees of the Forte Trust (trust). In connection with the purchase, appellant executed a $138,000 promissory note (note) in favor of the trust. According to the escrow statement, appellant was to make monthly payments on the note to the trust in the amount of $1,175.86. Appellant, who was friendly with the decedent and his wife, often personally delivered the monthly payments to them and then stayed to visit.

In 2005, the decedent "orally amended" the note and reduced the interest rate from eight and one-quarter percent to six and one-quarter percent annually. A 2004 payment

2

schedule bore the notation "next year 7.5% interest." Appellant, however, did not change the amount of his monthly payments in order to pay down the principal on the note.

The decedent died in November 2009 and his wife died in December 2009. They were survived by their daughters Freitas and Reynolds, and son Forte. Appellant made his November 2009 payment in a check made out to decedent and his December 2009 payment in a check made out to his wife. Forte asked appellant's permission to cash the first check, but appellant thought it might not be possible since the check was made out to the decedent. Forte then cancelled several scheduled meetings with appellant to collect the November and December 2009 payments. Appellant then followed Forte's instructions to mail the payment checks to Reynolds, but the post office returned them. Thereafter, Forte and Freitas cancelled a scheduled trip to pick up the payments.

In March 2010, Freitas and Reynolds, as successor trustees of the trust, recorded a notice of default and election to sell (notice of default), which indicated that appellant had defaulted on the note and the amount currently owing—including late charges, delinquent taxes and insurance premiums, attorney fees and costs—was $17,116.37. According to appellant, the notice of default overstated the amount owing, and he had the ability to tender the lawful amount owing to Freitas and Reynolds.

Over one year later, in April 2011, the property was sold at a trustee's sale to Strategic Acquisitions. The trustee's deed upon sale was recorded in May 2011.

***The Pleadings.***

In July 2011, appellant filed a verified complaint against the trust, its trustees and other defendants, alleging causes of action for breach of contract, quiet title, fraud and unjust enrichment. He generally alleged that after the decedent's death, "Forte and Frietas [*sic*] undertook actions clearly calculated to prevent Plaintiff from making the agreed-upon payments in satisfaction of his mortgage agreement," which had the effect of forcing appellant into foreclosure and enabling Forte and Freitas to obtain the property for an amount less than its fair market value. In addition, appellant alleged that he filed for Chapter 13 bankruptcy in September 2010, but the proceedings were dismissed in December 2010 when he could not produce proof of three payments on the property. He

3

further alleged that he filed a second Chapter 13 bankruptcy petition in February 2011, which was also dismissed. Forte demurred to the complaint, and appellant dismissed it without prejudice before the demurrer hearing.

Appellant commenced the instant action in October 2011, filing a complaint which alleged causes of action for promissory estoppel, quiet title, accounting, fraudulent inducement, fraud, breach of oral contract, constructive fraud, violation of Civil Code section 2924j, unjust enrichment and injunctive relief. Appellant again alleged that Forte, Freitas and Forte's children prevented him from making mortgage payments in order to force the property into foreclosure. He added allegations that the notice of default contained an incorrect amount.

Forte and Freitas demurred on the ground that appellant failed to allege facts sufficient to state any viable cause of action. In December 2011, prior to the demurrer hearing, appellant filed the operative first amended complaint which alleged causes of action for breach of contract, promissory estoppel, tortious breach of Civil Code section 2924j and wrongful foreclosure, and sought relief in the form of a preliminary and permanent injunction, quiet title, an accounting and declaratory relief. Appellant again alleged that Forte and Freitas "failed to properly receive and credit Plaintiff's payments as against the subject property in order to force the non-judicial sale of the property," and that the notice of default overstated the amount due.

This time, Forte, Freitas and Reynolds demurred on the ground appellant failed to allege facts sufficient to state a cause of action. Appellant opposed the demurrer, asserting that the facts as pled were sufficient. At the March 12, 2012 hearing, appellant argued that, at a minimum, he should be granted leave to amend. At the conclusion of the hearing, the trial court adopted its tentative ruling and sustained the demurrer without leave to amend. Addressing each cause of action separately, the trial court ruled that the cause of action for breach of oral contract failed because appellant failed to allege the terms of any contract with certainty. Appellant's cause of action for promissory estoppel failed to allege either a clear promise or any detriment. His tortious breach of statute and cancellation of instrument claims did not apply to the moving parties. The trial court

4

further ruled that appellant could not maintain a cause of action to quiet title because he did not have legal title to the property; he did not allege any equitable basis for an accounting; and his failure to allege that he tendered the full amount due was fatal to his wrongful foreclosure claim. Finally, declaratory relief was not proper because appellant alleged only past wrongs.

The trial court entered an order sustaining the demurrer without leave to amend. Appellant appealed before the trial court entered an order of dismissal. "When a demurrer is sustained as to *all* causes of action, *without* leave to amend, the only step left to finally dispose of the action is the formality of an order or judgment of dismissal. In those situations, we may deem the order sustaining the demurrer to incorporate a judgment of dismissal, and review the order. [Citation.]" (*Thaler v. Household Finance Corp.* (2000) 80 Cal.App.4th 1093, 1098.) We elect to do so here.[1]

## DISCUSSION

Appellant contends the trial court erred in sustaining the demurrer without leave to amend. He asserts that he alleged sufficient facts to support each cause of action. We disagree.

### I. Standard of Review.

We review de novo a trial court's sustaining of a demurrer, exercising our independent judgment as to whether the complaint alleges sufficient facts to state a cause of action. (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126.) We assume the truth of properly pleaded allegations in the complaint and give the complaint a reasonable interpretation, reading it as a whole and with all its parts in their context. (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 966–967.) "We do not, however, assume the truth of the legal contentions, deductions or conclusions; questions of law,

---

[1] We see no indication in the record that the other defendants named in the complaint—A-Winn Investments Corp., American Team Properties, Integrated Lender Services and Strategic Acquisitions, Inc.—were ever served or appeared in the action.

such as the interpretation of a statute, are reviewed de novo." (*Caliber Bodyworks, Inc. v. Superior Court* (2005) 134 Cal.App.4th 365, 373.) We may also disregard allegations which are contrary to law or to a fact of which judicial notice may be taken. (*Wolfe v. State Farm Fire & Casualty Ins. Co.* (1996) 46 Cal.App.4th 554, 559–560.)

We apply the abuse of discretion standard in reviewing a trial court's denial of leave to amend. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) It is the appellant's burden to show either that the trial court erred in sustaining the demurrer or abused its discretion in denying leave to amend. (*Kong v. City of Hawaiian Gardens Redevelopment Agency* (2002) 108 Cal.App.4th 1028, 1038.)

## II. The Trial Court Properly Sustained the Demurrer Without Leave to Amend.

The trial court sustained the demurrer in its entirety, ruling that appellant failed to allege facts sufficient to state a cause of action and that the complaint was uncertain. (See Code Civ. Proc., § 430.10, subds. (e) & (f).) In reaching this conclusion, the trial court addressed each cause of action separately, and we will do the same.

### A. Breach of Oral Contract.

In his first cause of action for breach of oral contract against Freitas and Reynolds, appellant alleged that the decedent, in his capacity as trustee of the trust, orally agreed to lower the interest rate on the note by two percentage points. After that modification, appellant continued to make the same monthly payments on the note. Appellant alleged that Freitas and Reynolds, as successor trustees, "breached the terms of the oral contract entered into with their father as Trustee, and failed and/or refused to lawfully adjust the total amount due and owing to reflect that Plaintiff had tendered timely payments and that said invalid sums were demanded by Defendants through the trustee ILS."

A promissory note is a contract in writing subject to the provisions of Civil Code section 1698. (*Nicholson v. Smith* (1950) 98 Cal.App.2d 163, 164.) That statute provides in relevant part: "(a) A contract in writing may be modified by a contract in writing. [¶] (b) A contract in writing may be modified by an oral agreement to the extent that the oral agreement is executed by the parties. [¶] (c) Unless the contract otherwise expressly

6

provides, a contract in writing may be modified by an oral agreement supported by new consideration. The statute of frauds (Section 1624) is required to be satisfied if the contract as modified is within its provisions." (Civ. Code, § 1698.)

Here, appellant did not allege that the modification was in writing. Indeed, the only writing evidencing a modification was the decedent's handwritten notation on an exhibit attached to the complaint that the interest rate would be lowered to seven and one-half percent in the future—a notation which contradicted appellant's allegations and led the trial court to conclude that any modification was uncertain. (See *Building Permit Consultants, Inc. v. Mazur* (2004) 122 Cal.App.4th 1400, 1409 [contents of an exhibit attached to the complaint "will take precedence over and supersede any inconsistent or contrary allegations set out in the pleading"]; *Mead v. Sanwa Bank California* (1998) 61 Cal.App.4th 561, 567–568 ["If the facts appearing in the attached exhibit contradict those expressly pleaded, those in the exhibit are given precedence"].) Similarly, any contention that the oral modification was executed would be contradicted by the terms of the note that any prepayment must be made in addition to the regularly scheduled interest payments.

Thus, appellant relies on Civil Code section 1698, subdivision (c), asserting that he adequately alleged an oral modification supported by new consideration in the form of his personal relationship with the decedent. But the cases on which appellant relies involve solely the question of the adequacy of consideration, not the existence of new consideration to support an oral modification. (See *Whorton v. Dillingham* (1988) 202 Cal.App.3d 447, 454 [allegations that the plaintiff provided the defendant with services as a chauffeur, bodyguard, secretary and business partner held adequate consideration]; *Henderson v. Fisher* (1965) 236 Cal.App.2d 468, 474 [in testing the adequacy of consideration, "the court may consider such factors as the relationship of the parties, their friendship, love, affection, and regard for each other, and the object to be obtained by the contract"].)

Here, the question was not whether appellant alleged adequate consideration, but rather, whether he alleged new consideration for the oral modification of the note. It is

well established "that a supplemental agreement either adding to or varying the terms of the original contract, so as to impose new and onerous burdens upon one of the parties, requires a consideration to support it." (*Krobitzsch v. Middleton* (1946) 72 Cal.App.2d 804, 808.) An obligation already owed by the promisee to the promisor is not consideration. (Civ. Code, § 1605 ["Any benefit conferred, or agreed to be conferred, upon the promisor, by any other person, to which the promisor is not lawfully entitled, or any prejudice suffered, or agreed to be suffered, by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor, is a good consideration for a promise"].) Appellant alleged that his personal relationship with the decedent existed at the time he entered into the note and thereafter alleged that the modification was "due to the long standing personal friendship . . . ." As appellant alleged no new consideration for the oral interest rate modification, the oral agreement lacked consideration. Because appellant could not allege one of the essential elements of his breach of contract claim, the trial court properly sustained the demurrer to the first cause of action. (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 879–880.)

### B.    *Promissory Estoppel.*

In his second cause of action for promissory estoppel against Forte, Freitas and Reynolds, appellant alleged that he reasonably relied on Forte's promise, made "circa November 2009," to pick up his November and December 2009 payments, and he suffered injury when Forte did not fulfill his promise and a nonjudicial foreclosure proceeding was commenced.

"'Promissory estoppel applies whenever a "promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance" would result in an "injustice" if the promise were not enforced. [Citation.]' [Citation.] 'The elements of a promissory estoppel claim are "(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) [the] reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance." [Citation.]' [Citation.]" (*Advanced Choices, Inc. v. State Dept. of Health Services* (2010)

8

182 Cal.App.4th 1661, 1671–1672.) "The party claiming estoppel must specifically plead all facts relied on to establish its elements." (*Smith v. City and County of San Francisco* (1990) 225 Cal.App.3d 38, 48.)

We find no merit to appellant's contention that he adequately pled the requisite elements of promissory estoppel. First, the alleged promise to "pick up" the monthly payments was not clear and unambiguous. (See *Ladas v. California State Auto. Assn.* (1993) 19 Cal.App.4th 761, 770 ["To be enforceable, a promise must be definite enough that a court can determine the scope of the duty and the limits of performance must be sufficiently defined to provide a rational basis for the assessment of damages"].) Moreover, appellant failed to allege reasonable reliance on Forte's promise to pick the November and December 2009 checks. Though the question of whether a party's reliance is reasonable is typically one of fact, it may be decided as one of law if reasonable minds could come to only one conclusion on the basis of the facts alleged. (See *Alliance Mortgage Co. v. Rothwell* (1995) 10 Cal.4th 1226, 1239; see also *Joffe v. City of Huntington Park* (2011) 201 Cal.App.4th 492, 513 [promissory estoppel not established as a matter of law where no reasonable reliance shown].) We find it unreasonable, as a matter of law, for appellant to have relied on a promise to pick up two payments at the end of 2009 as a basis for failing to make any payments on the property until April 2011 when it was sold. For the same reason, appellant failed adequately to allege any injury from his reliance, as he had multiple statutory opportunities from November 2009 to April 2011 to avoid foreclosure, each of which were unrelated to Forte's alleged promise. (*Moeller v. Lien* (1994) 25 Cal.App.4th 822, 830–831.)

Accordingly, we agree with the trial court that appellant failed to state a claim for promissory estoppel.

### C. *Tortious Breach of Statute.*

Appellant alleged his third cause of action for tortious breach of statute against Integrated Lender Services only, and not against Forte, Freitas or Reynolds. Because this cause of action was never alleged against these defendants, there is no claim against them and there was no demurrer to sustain.

But, in order to address all issues raised by the parties, we note the following:

As explained in *Kachlon v. Markowitz* (2008) 168 Cal.App.4th 316, 334, the Civil Code provides a comprehensive scheme governing nonjudicial foreclosures. Under a deed of trust securing a promissory note, "the borrower, or 'trustor,' conveys nominal title to property to an intermediary, the 'trustee,' who holds that title as security for repayment of the loan to the lender, or 'beneficiary.' [Citations.] The trustee's duties are twofold: (1) to 'reconvey' the deed of trust to the trustor upon satisfaction of the debt owed to the beneficiary, resulting in a release of the lien created by the deed of trust, or (2) to initiate nonjudicial foreclosure on the property upon the trustor's default, resulting in a sale of the property. [Citations.]" (*Ibid.*; accord, *Alliance Mortgage Co. v. Rothwell, supra,* 10 Cal.4th at p. 1236 ["In a nonjudicial foreclosure, also known as a 'trustee's sale,' the trustee exercises the power of sale given by the deed of trust"].) According to the statutory scheme, "[w]hen the trustor defaults on the debt secured by the deed of trust, the beneficiary may declare a default and make a demand on the trustee to commence foreclosure. [Citation.]" (*Kachlon v. Markowitz, supra,* at p. 334.)

Here, appellant alleged that the trustee breached both Civil Code section 2924c, subdivision (b)(1) by overstating the amount by which he was in default and Civil Code section 2924j by failing to account for any surplus from the sale. But according to the statutory scheme, these are duties undertaken by the trustee. In accordance with that scheme, appellant alleged that "INTEGRATED LENDER SERVICES, a Delaware Corporation, caused the Notice of Default to be recorded in March 2010 . . . ." Moreover, the cases on which he relies confirm that it is the trustee's obligation to record the notice of default. (E.g., *System Inv. Corp. v. Union Bank* (1971) 21 Cal.App.3d 137, 152 ["section 2924 of the Civil Code provides that the trustee shall first file for record a notice of default identifying the deed of trust and containing a statement that a breach of the obligation for which such transfer in trust is security has occurred"].) Given that appellant has not and cannot allege that Forte, Freitas or Reynolds breached any statutory duty imposed under the non-judicial foreclosure scheme, the trial court properly sustained their demurrer to the third cause of action.

10

### D. Quiet Title.

In his fourth cause of action, appellant sought an order quieting title to the property on the ground that all defendants "claim some right, title and interest in the subject property which is adverse to that of Plaintiff and as such a cloud exists on Plaintiff's title . . . ."[2] He further alleged, however, that defendant Strategic Acquisition acquired the property in April 2011.[3] On appeal, he maintains that he alleged sufficient facts supporting his claim to quiet title, emphasizing that a simple action to quiet title is equitable in nature. (See *Strauss v. Summerhays* (1984) 157 Cal.App.3d 806, 812.)

The general rule is that a holder of equitable title, or of some equitable interest in the property, cannot maintain a quiet title action against a legal owner. (E.g., *G. R. Holcomb Estate Co. v. Burke* (1935) 4 Cal.2d 289, 297; *County of Los Angeles v. Hannon* (1910) 159 Cal. 37, 48; *Lewis v. Superior Court* (1994) 30 Cal.App.4th 1850, 1866; *Stafford v. Ballinger* (1962) 199 Cal.App.2d 289, 294–295.) An exception to the general rule exists where it is pled with specificity that the legal title holder obtained its interest through fraud. (*Strong v. Strong* (1943) 22 Cal.2d 540, 546; see also *Warren v. Merrill* (2006) 143 Cal.App.4th 96, 113–114 & fn. 20.) Equitable rights cannot be established in a quiet title action when the pleadings contain only general allegations asserting a right to ownership. (*Strong v. Strong, supra,* at p. 546.)

The trial court correctly applied the general rule here. Appellant's claim to an equitable interest in the property failed to support a cause of action to quiet title as against the legal owner. Application of the exception was unwarranted because appellant did not allege with any level of specificity that the legal owner obtained its interest through fraud. (See *Estate of Young* (2008) 160 Cal.App.4th 62, 79 [setting forth fraud elements].)

---

[2]    The fourth cause of action does not identify the defendants to whom it is directed.

[3]    According to a trustee's deed upon sale attached to the complaint and expressly incorporated by reference, defendant A-Winn Investments Corp. held title to the property as of April 2011.

11

Finally, the demurrer was properly sustained on the alternative ground relied on by the trial court that appellant was barred from maintaining an action to quiet title in the absence of any allegation he had discharged the debt he owed on the property. (See *Shimpones v. Stickney* (1934) 219 Cal. 637, 649 ["It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured"]; *Aguilar v. Bocci* (1974) 39 Cal.App.3d 475, 477 [stating that the appellant could not "quiet title without discharging his debt. The cloud upon his title persists until the debt is paid"].)

### E.     Cancellation of Instrument.

In his fifth cause of action, appellant alleged he was entitled to the cancellation of the notice of default and trustee's deed upon sale. Civil Code section 3412 permits an action for cancellation of a written instrument "in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable." Under this statute, a court can order cancellation of a deed whenever it is void or voidable, for example, when executed by a person who lacks legal capacity; or when the instrument was obtained by undue influence or for inadequate consideration, or procured by fraud. (12 Miller & Starr, Cal. Real Estate (3d ed. 2011) Judicial Remedies, § 34:113, p. 34–383.) The plaintiff must allege "facts, not mere conclusions, showing the apparent validity of the instrument designated, and point out the reason for asserting that it is actually invalid. [Citations.]" (*Ephraim v. Metropolitan Trust Co.* (1946) 28 Cal.2d 824, 833–834.)

Appellant did not include any factual allegations in his fifth cause of action, but instead incorporated his prior allegations. Thus, he alleged that the instruments should be cancelled for reasons we have already found fail to establish the invalidity of the notice of default or trustee's deed upon sale—namely, that the notice of default overstated the amount due by failing to credit payments made in accordance with an oral agreement between appellant and the decedent. (See generally *Zakaessian v. Zakaessian* (1945) 70 Cal.App.2d 721, 724–725 [the plaintiff must allege facts showing the invalidity of the instrument to support a claim under Civ. Code, § 3412].) In addition, appellant failed to

12

allege that the instruments were "in the possession of or under the control of" Forte, Freitas and/or Reynolds at the time he commenced his action. (*Consolidated Con. Co. v. McConnell* (1919) 40 Cal.App. 443, 445.)

Appellant's reliance on *Pro Value Properties, Inc. v. Quality Loan Service Corp.* (2009) 170 Cal.App.4th 579 is misplaced. There, the trial court affirmed a judgment finding that a trustee's sale was void and the trustee's deed of sale had no force or effect because the trustee that conducted the sale was not named in the deed of trust and there was no recorded substitution of trustee. (*Id*. at pp. 581–582.) Here, in contrast, appellant has not alleged that Integrated Lender Services was not the proper trustee. Rather, his claim is premised solely on the notice of default's failure to account for the oral change in interest rate, for which appellant has failed to allege any consideration. Accordingly, the trial court properly sustained the demurrer to the fifth cause of action.

### F. Equitable Accounting.

In his sixth cause of action, appellant sought an equitable accounting. In support of his claim, appellant repeated his allegations concerning his oral agreement with the decedent, Forte's failure to pick up his monthly payment checks and the notice of default's containing an overstated sum due, which culminated in the nonjudicial foreclosure proceedings. On the basis of those allegations, appellant further alleged "that an accounting is necessary to determine the rights, duties and obligations of the respective parties herein."

On appeal, appellant emphasizes that his allegations regarding the erroneous amount due in the notice of default supported his right to an equitable accounting. We disagree. A complaint sufficiently states a claim for an accounting by alleging: (1) a fiduciary relationship, (2) losses in an amount that cannot be ascertained, and (3) misconduct. (*Kritzer v. Lancaster* (1950) 96 Cal.App.2d 1, 6–7.) Appellant's allegations failed to satisfy the first two elements. First, as the trial court recognized, there is typically "no fiduciary relationship between the borrower and lender. [Citations.]" (*Oaks Management Corporation v. Superior Court* (2006) 145 Cal.App.4th 453, 466.) Appellant failed to allege any facts that would show the existence of a

13

fiduciary relationship between him and the successor trustees Freitas and Reynolds or any other party. (See *Abdallah v. United Savings Bank* (1996) 43 Cal.App.4th 1101, 1109 ["the trustee under a deed of trust is not the trustor's fiduciary"].)

Second, appellant failed to allege that any sums allegedly due could not be ascertained without an accounting. Appellant alleged and the notice of default showed that the total amount owed in March 2010 was $17,116.37. He further alleged that on the basis of the oral interest rate modification, "[t]he total owed over a four-month period, did not exceed Four Thousand Seven Hundred Dollars ($4,700)," and that even including statutory foreclosure costs, the amount demanded in the notice of default overstated the amount due by at least $10,000.

"A suit for an accounting will not lie where it appears from the complaint that none is necessary or that there is an adequate remedy at law. [Citations.] An accounting will not be accorded with respect to a sum that a plaintiff seeks to recover and alleges in his complaint to be a sum certain. [Citation.]" (*St. James Church v. Superior Court* (1955) 135 Cal.App.2d 352, 359; accord, *Teselle v. McLoughlin* (2009) 173 Cal.App.4th 156, 179 ["An action for accounting is not available where the plaintiff alleges the right to recover a sum certain or a sum that can be made certain by calculation"].) According to the monetary figures set forth in the complaint, the amount by which the notice of default was in error was a sum capable of being made certain by calculation. The trial court properly sustained the demurrer to the sixth cause of action on the basis that appellant alleged no grounds to support the remedy of an accounting.

### G.    *Wrongful Foreclosure.*

In his seventh cause of action for wrongful foreclosure, appellant sought to set aside the foreclosure on the ground it was wrongfully instituted for the same reasons alleged in his other causes of action. Though appellant argues that he stated sufficient facts to establish a procedural irregularity in the sale, he fails to address the basis of the trial court's ruling, which was that appellant could not state a claim absent an offer to tender the full amount due and owing.

14

"It is settled that an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security. [Citations.] This rule is premised upon the equitable maxim that a court of equity will not order that a useless act be performed." (*Arnolds Management Corp. v. Eischen* (1984) 158 Cal.App.3d 575, 578–579; accord, *Abdallah v. United Savings Bank, supra,* 43 Cal.App.4th at p. 1109; *FPCI RE-HAB 01 v. E & G Investments, Ltd.* (1989) 207 Cal.App.3d 1018, 1021.) Stated simply, "[a] valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust. [Citations.]" (*Karlsen v. American Sav. & Loan Assn.* (1971) 15 Cal.App.3d 112, 117.)

Appellant failed to plead that he tendered the amount past due at any point prior to foreclosure. He attached to his complaint a bank account withdrawal receipt from April 2010 showing a balance of over $10,000, and asserts the exhibit was sufficient to satisfy the tender requirement. But the exhibit did not identify the owner of the account, nor did it show that appellant had the funds necessary to tender the over $17,000 due according to the notice of default. (See *Karlsen v. American Sav. & Loan Assn., supra,* 15 Cal.App.3d at p. 118 ["if the offeror '. . . is without the money necessary to make the offer good and knows it . . .' the tender is without legal force or effect"].) Beyond appellant's omissions, the trial court also properly considered that appellant's original complaint alleged he had twice filed for bankruptcy while the property was in foreclosure as a further indication that appellant had failed to satisfy the tender requirement. The demurrer to the seventh cause of action was properly sustained.

### H.    *Declaratory Relief.*

In his final cause of action, appellant sought a judicial determination of the rights and duties of the parties on the basis of the facts previously alleged. Appellant maintains that declaratory relief is the proper remedy to determine whether the notice of default overstated the amount due, thereby rendering it void and the foreclosure sale improper. The trial court properly ruled that declaratory relief was unavailable to appellant, as his complaint sought redress for past wrongs. (E.g., *Baldwin v. Marina City Properties, Inc.*

15

(1978) 79 Cal.App.3d 393, 407 ["'there is no basis for declaratory relief where only past wrongs are involved'"].)

It is well established that declaratory relief is a remedy that is prospective in nature. (*Gafcon, Inc. v. Ponsor & Associates* (2002) 98 Cal.App.4th 1388, 1403; *Sych v. Insurance Co. of North America* (1985) 173 Cal.App.3d 321, 329, fn. 5.) As summarized in *Babb v. Superior Court* (1971) 3 Cal.3d 841, 848: "The purpose of a judicial declaration of rights in advance of an actual tortious incident is to enable the parties to shape their conduct so as to avoid a breach. '[D]eclaratory procedure operates prospectively, and not merely for the redress of past wrongs. It serves to set controversies at rest before they lead to repudiation of obligations, invasion of rights or commission of wrongs; in short, the remedy is to be used in the interests of preventive justice, to declare rights rather than execute them.' [Citations.]" Because appellant's allegations sought redress for wrongs that had already allegedly occurred, the trial court properly sustained the demurrer to the declaratory relief cause of action.

## I.      *Leave to Amend.*

Appellant contends that, at a minimum, he should have been granted leave to amend. He bears the burden of showing that an amendment would cure the defects in his pleading. (*Arce v. Childrens Hospital Los Angeles* (2012) 211 Cal.App.4th 1455, 1497, fn. 19.) "'To satisfy that burden on appeal, a plaintiff "must show in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading." [Citation.] The assertion of an abstract right to amend does not satisfy this burden.' [Citation.] The plaintiff must clearly and specifically state 'the legal basis for amendment, i.e., the elements of the cause of action,' as well as the 'factual allegations that sufficiently state all required elements of that cause of action.' [Citation.]" (*Maxton v. Western States Metals* (2012) 203 Cal.App.4th 81, 95.)

Appellant has had three opportunities to state a sufficient cause of action. Though he generally requested leave to amend in his written opposition to the demurrer and at the hearing, he failed to articulate either any factual allegations or legal bases for leave to amend. On appeal, while he again requests leave to amend, he has similarly failed to

16

show how an amendment would cure the multiple defects in his complaint. "Where the appellant offers no allegations to support the possibility of amendment and no legal authority showing the viability of new causes of action, there is no basis for finding the trial court abused its discretion when it sustained the demurrer without leave to amend. [Citations.]" (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 44.) The trial court properly exercised its discretion in denying leave to amend.

## DISPOSITION

The judgment is affirmed. Forte, Freitas and Reynolds are entitled to their costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.

ASHMANN-GERST

We concur:


_____, P. J.

BOREN


_____, J.

CHAVEZ

17